THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SUMIT GARG,<br><br>    Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

  This matter comes before the Court on the parties' stipulated motion for protective order (Dkt. No. 25). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion and ORDERS the parties to comply with the following protective order:

  Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above captioned case. Due to the nature of this case, the discovery materials include personally identifiable information (PII) and other information that could be used to embarrass and intimidate potential victims and witnesses in this case. PII includes, but not be limited to, information such as such as payment card numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, mothers' maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers. Redacting the

discovery to delete all PII and other sensitive material would unnecessarily delay the disclosure of discovery to the defendant and would frustrate the intent of the discovery process.

1. Protected Material

The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team). The following documents and materials are deemed "Protected Material":

 a. Grand Jury transcripts and exhibits;

 b. Victim and witness statements, including but not limited to reports of law enforcement officers memorializing victim and witness statements, and written and recorded statements by the victim and witnesses;

 c. Personal and other information, including medical records, protection order applications, immigration records, and criminal records relating to or concerning the victim and witnesses. Documents, reports, or writings containing personal information about or related to the victim and witnesses provided by the government in discovery is deemed Protected Material.

As used in this Order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, immigration alien number, residence address, telephone number, location of residence, name of employer or employment, school records, criminal records, and other confidential information.

2. Scope of Review of Protected Material

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons

is prohibited and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons.

For an in-custody defendant, notwithstanding the terms of this Order, defense counsel may provide a completed copy of the FDC's Electronic Discovery and Legal Material Authorization Form, and electronic copies of any Protected Material to the Education Department in the Federal Detention Center at SeaTac, Washington. Defendant may review the electronic copies of Protected Material in the FDC Education Department pursuant to BOP and FDC SeaTac's policies and procedures but will not be permitted to have a copy of the Protected Material in his cell.

3. <u>Dissemination of Protected Material to Counsel for Witnesses</u>

Notwithstanding the terms above, counsel for the parties may provide copies of Protected Material to any counsel representing a non-party witness, only when the represented witness is the source of the information or where the Protected Material pertains directly and solely to the represented witness. Counsel for the witness is similarly limited to maintaining possession and custody of the Protected Material. Counsel for the witness may display and review the Protected Material with their client but is prohibited from disseminating copies of the Protected Material to their client or third persons.

4. <u>Consent to Terms of Protective Order</u>

Members of the prosecution and defense teams shall maintain written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written consent need not be disclosed or produced by the parties unless ordered by the Court.

5. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

6. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court or unless otherwise agreed by the parties. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. <u>Inspection of Discovery at the USAO</u>

The United States may make certain sensitive discovery material, such as Victim-1's diary, available for inspection at the U.S. Attorney's Office for the Western District of Washington ("USAO"). Defense counsel's inspection of electronic discovery materials at the USAO shall be without prejudice to Defendant's right to move the Court for additional discovery materials or the production of electronic discovery materials in a different form. Absent further order of the Court, the United States shall not be obligated to make additional copies of any electronic discovery materials which are available for inspection at the USAO. No one shall photograph, print, or otherwise make copies of the electronic discovery materials made available for inspection at the USAO.

8. <u>Non-Termination and Return or Destruction of Discovery Material</u>

The provisions of this Order shall not terminate at the conclusion of this prosecution. Within thirty days of the exhaustion of all appeals and collateral review in the instant criminal matter, all discovery material, including copies, shall either be returned to the government, or counsel for the defendant or any witnesses shall certify to the government that Protected Materials have been destroyed.

9. <u>Violation of Protective Order</u>

Any violation of any term or condition of this Order by the Defendant, his/her attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's

Office for the Western District of Washington, may result in that person being held in contempt of court, and/or subject to monetary or other sanctions as deemed appropriate by this Court. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice or to file any criminal charges relating to the Defendant's violation.

DATED this 29th day of March 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE