THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>SUMIT GARG,<br><br>              Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant's unopposed motion to continue trial and pretrial deadlines (Dkt. No. 91) and Defendant's unopposed motion for an extension of time to refile his discovery motion (Dkt. No. 92). Having thoroughly considered the motions and the relevant record, the Court GRANTS the motions for a continuance for the reasons explained below.

      Defendant's counsel, Mr. Camiel, was appointed to represent him on September 7, 2021, following the withdrawal of Defendant's prior counsel. (Dkt. Nos. 70, 72.) In March 2022, defense counsel filed a motion to compel discovery, asked permission for that brief to exceed the page limit, and asked the Court to seal the brief. (Dkt. Nos. 83–85.) The Court denied the motion to exceed the page limit, advised counsel to attempt to resolve all discovery disputes with the Government before presenting them to the Court, and set a deadline for counsel to refile the motion. (Dkt. No. 86.) The denial contemplated that the motion to seal would be re-noted to

coincide with the revised motion to compel. (*See id.*) Trial in this matter is currently set for June 13, 2022, and pretrial motions are due April 14, 2022. (Dkt. No. 80.)

Defense counsel seeks a continuance of the trial date to October 17, 2022, citing voluminous discovery requiring further review, including information from electronic devices that the Government had to review for privilege using a "filter team," an ongoing, months-long process. (*See* Dkt. No. 91 at 2–3.) Defense counsel states that his client, who is in custody, objects to any further continuance; however, counsel believes that a continuance is in his client's best interest and is needed so counsel can fully review the evidence (some of which has yet to be produced), conduct a defense investigation, and prepare for pretrial motions and trial. (*Id.* at 3.)

Defendant also seeks an extension of time to refile his stricken discovery motion. (Dkt. No. 92.) Counsel indicates that the Government has since agreed to produce most of the materials at issue and that he "needs time to review the newly received and expected discovery to determine whether . . . it [is] necessary to refile his motion." (*Id.* at 2.) The Court will grant an extension of time to refile the discovery motion. However, because the dispute may have been resolved and there may not be another discovery motion, it is more efficient to deem the pending motion to seal moot and terminate it rather than leave it pending. Defendant can file a new sealing request if he refiles his discovery motion and that motion contains protected information.

Based on the foregoing, the Court FINDS as follows:

1. Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, conduct investigation, consider possible defenses, and gather evidence material to the defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

2. Failure to grant a continuance would likely result in the miscarriage of justice, as set forth in 18 U.S.C. § 3161(h)(7)(B)(i);

3. The additional time requested is a reasonable period of delay, as defendants requested more time to prepare for trial, investigate the matter, review additional discovery, gather evidence material to the defense, and consider possible defenses;

4. The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interests of the public and Defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

6. The additional time requested between the current trial date of June 13, 2022, and the new trial date is necessary to provide defense counsel reasonable time to prepare for trial considering counsel's schedule and the facts set forth above.

Accordingly, Defendant's motion for a continuance (Dkt. No. 91) is GRANTED. It is therefore ORDERED that the trial date be CONTINUED from June 13, 2022, to October 17, 2022, and that the time between the filing of this motion to continue and the new trial date is excludable time under the Speedy Trial Act, as provided in 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(i), and 3161(h)(7)(B)(iv). Any pretrial motions shall be filed no later than September 19, 2022.

It is further ORDERED that Defendant's motion for an extension of the deadline to refile his discovery motion (Dkt. No. 92) is GRANTED. Any such revised motion must be filed by May 31, 2022. The clerk shall TERMINATE Defendant's motion to seal (Dkt. No. 84) but shall maintain Docket Number 85 under seal since it appears to contain victim identifying information and, in any event, has been stricken.

DATED this 12th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE