THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>SUMIT GARG,<br><br>    Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to extend the pretrial motions deadline (Dkt. No. 180). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

The Court has previously stated the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 153.) In November 2022, the Court granted Defendant's request to proceed *pro se*. (Dkt. No. 174.) Defendant now asks the Court to extend the pretrial motions deadline, arguing he will be deprived the right of effective self-representation if his request is denied. (Dkt. No. 180 at 1.) The Government argues granting a new deadline would give Defendant "a second bite at the apple" on issues that the Court has already ruled on. (Dkt. No. 191 at 2.)

Under Federal Rule of Criminal Procedure Rule 12(c), the Court may set a deadline for pretrial motions. However, if a party does not meet the deadline, the Court may nonetheless

consider a motion if the party shows good cause. Fed. R. Crim. P. 12(c)(3).

Here, Defendant argues good cause exists to extend the pretrial motions deadline because he has not had a chance to fully examine all the discovery in this case. (Dkt. No. 180 at 8–12.) However, at the hearing on the motion to proceed *pro se*, the Court advised Defendant that "the pre-trial motions deadline had passed, and that there was no guarantee that the District Court would allow [Defendant] to file any further pre-trial motions." (*Id.* at 3.) At that time, Defendant stated he understood. (*Id.*) Although Defendant may not have had full access to all of the discovery documents, his attorney did and filed a 27-page motion to suppress various evidence, which the Court denied. (Dkt. Nos. 128, 153.)

Defendant made the choice to proceed with counsel until after the pretrial motions deadline and after prior counsel's motion.[1] Defendant is not entitled to relitigate issues that have already been decided by the Court just because he is now *pro se*. He argues that denying his motion will take away his autonomy and ability to effectively represent himself. (Dkt. No. 180 at 11.) But Defendant did not decide to proceed *pro se* until after the pretrial motions deadline had passed. (Dkt. No. 174.) He had the option to proceed *pro se* earlier but decided not to do so. The fact that he is *pro se* now does not open the door for Defendant to argue claims that have already been decided. Therefore, Defendant's motion to extend the pretrial deadline is DENIED.[2]

However, Defendant also argues that the Government has produced evidence that was not available to him before the pretrial motions deadline had already passed. (Dkt. No. 180 at 9–10.)

---

[1] Defendant filed a *pro se* motion on September 6 asking to be heard by the Court to discuss concerns he had at that time. (Dkt. No. 116.) That motion was terminated as improper because Defendant was represented at the time. (Dkt. No. 120) (citing CrR 1(a) and LCR 83.2(b)).

[2] The cases Defendant cites are distinguishable from the situation here. *See United States v. Rigmaiden*, 2010 WL 1258027 (D. Ariz. 2010) (Court granted extension of deadline because Defendant proceeded *pro se* before the pre-motions deadline had passed); *United States v. Simmons*, 2021 WL 3714000 (W.D. Mo. 2021) (Court allowed untimely *pro se* motions because prior counsel did not file *any* pretrial motions). In the other cases Defendant cites, the Court allowed pretrial motions based on discovery disclosed after the deadline. As noted below, the Court will consider additional pretrial motions if Defendant can show that they are based on discovery not available to Defendant before the motions deadline.

The Government argues that Defendant should be required to file a motion showing good cause before filing any additional post-deadline motions. (Dkt. No. 191 at 11.) The Court finds the Government's proposed procedure reasonable.

If Defendant believes there is good cause to file additional pretrial motions, he may file a motion explaining the basis for the motion and why good cause exists to file it. The Government will then have the opportunity to respond to Defendant's request. If the Court agrees that good cause exists, Defendant will be permitted to file the underlying motion.[3]

I. CONCLUSION

For the foregoing reasons, Defendant's motion to extend the pretrial motions deadline (Dkt. No. 180) is DENIED.

DATED this 7th day of December 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Defendant has multiple outstanding motions before the Court. (Dkt. Nos. 178, 196, 202.) The Court will consider these motions when they note without the need to show cause.