THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>SUMIT GARG,<br><br>        Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel compliance with Docket 192, Rule 16(a)(1)(E), and Rule 41(g) (Dkt. No. 228). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

First, Defendant asks the Court to compel the Government to allow him to inspect a diary that the Government may introduce as evidence at trial. (Dkt. No. 228 at 8–10.) However, the pretrial motions deadline has passed. Pursuant to this Court's previous order, if Defendant believes there is good cause to file additional pretrial motions, he must first file a motion explaining why good cause exists to file the untimely motion. (Dkt. No. 207.) Defendant's request is DENIED.

Second, Defendant argues the Government has not complied with the Court's previous order (Dkt. No. 192) requiring the Government to provide a laptop for Defendant to view

ORDER
CR21-0045-JCC
PAGE - 1

discovery. (Dkt. No. 228 at 11.) Defendant argues the Government is required to provide forensic tools and software to view the forensic images of the devices at issue in this case. (*Id.* at 5–6.) However, this Court's prior order stated the Government should provide a laptop with discovery *documents* on it and the necessary software for Defendant to view the documents. (Dkt. No. 192 at 2.)

In making that determination, the Court did not intend to require the Government to acquire specialized software for the laptop. As the Government appears to have indicated during correspondence with Defendant, the license for the software Defendant proposes may exceed $10,000. (Dkt. No. 228 at 5.) Defendant should already have access to the extraction reports provided by the Government. If he wishes to examine the complete forensic images of each device, the Government has also indicated a willingness to provide those images to Defendant's defense team. He will, however, need to rely on a computer expert to help review the images. Accordingly, Defendant will not be deprived of the right to adequately prepare his defense without direct access to the requested software and his request is DENIED.

Third, Defendant asks for the return of seized property under Rule 41(g). (Dkt. No. 228 at 12–15.) He claims these devices are irrelevant to his case. However, the Government's retention of property is generally reasonable if it has a need for the property in an investigation or prosecution. *Ramsden v. United States*, 2 F.3d 322, 326 (9th Cir. 1993) (applying Rule 41(e), which was later changed to the current Rule 41(g)). In this case, the Government alleges Defendant used various devices including his cell phone and computers to cyberstalk other individuals. (*See* Dkt. No. 117.)

The case Defendant cites is also distinguishable from the case at hand. In *United States v. Grills*, the court concluded the Government violated the defendant's fourth amendment rights by seizing his phone and then waiting over two months to obtain a deficient search warrant, depriving him of his "possessory interest" in the phone. 2019 WL 5587328 (E.D. Wis. 2019). The court granted the defendant's motion to suppress the cell phone because the search was

1   based on a search warrant lacking probable cause. *Id.* at 8. In contrast, the Government in this
2   case obtained a valid warrant and the electronic devices are directly related to the crime
3   Defendant is alleged to have committed.
4       For the foregoing reasons, Defendant's motion (Dkt. No. 228) is DENIED.
5       DATED this 3rd day of January 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE