THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMIT GARG,<br><br>　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel discovery (Dkt. No. 178). Defendant asks the Court to order the Government to produce various materials. The Government filed a response to the motion. (Dkt. No. 213.) The Court addresses each request below.

I.     **Defendant's Requests**

    **A. Communications By Victim-1 and Victim-3**

Defendant asks for any and all communications that Victims 1 and 3 had with each other and/or anyone else. (Dkt. No. 178 at 2–3.) The Government states it will produce the communications that Defendant requests, but only after screening the communications for privilege and for information that is not relevant to the case and/or invades the victims' privacy interests. (Dkt. No. 213 at 4.) The Court finds the Government's proffered discovery plan reasonable. The Government is INSTRUCTED to either provide to Defendant the requested

communications, except for those that are privileged, not discoverable, or invade privacy interests, and a privilege log explaining its reasons for any discovery it does not disclose.[1] Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### B. E-mails and Texts Between Victim-1 and Defendant

Defendant asks for all communications between Victim-1 and Defendant. (Dkt. No. 178 at 4.) The Government states it has already produced most of these communications, but that it will produce any additional communications in its possession. (Dkt. No. 213 at 5–6.) Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### C. E-mails and Texts Between Victim-1 and Dana Miller

Defendant asks for all communications between Victim-1 and Dana Miller regarding him and/or Lindsay Hefton. (Dkt. No. 178 at 4.) The Government agrees to produce any responsive communications. (Dkt. No. 213 at 6.) Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### D. Emails Between Victim-1 and Victim-2

Defendant asks for all communications between Victim-1 and Victim-2. (Dkt. No. 178 at 4–5.) As the Government notes, this request falls within the scope of request A, as Defendant requested all communications between Victim-1, Victim-3, and *anyone else*. (Dkt. No. 213 at 6.) Accordingly, these materials should be disclosed subject to the screening process set forth above.

### E. Resume of Victim-1, Victim-3, and Job Roles

Defendant requests the resumes and job titles of various victims. (Dkt. No. 178 at 12.) The Government states it has produced any resumes or job descriptions it has, and that it will look for any additional resumes during the review set forth in request A. (Dkt. No. 213 at 6.)

---

[1] The Government correctly points out that communications between Hutchins and Zigler may be protected under attorney-client privilege, even after Zigler withdrew as Hutchins' counsel of record. (Dkt. No. 213 at 5) (citing *Damron v. Herzog*, 67 F.3d 211, 214 (9th Cir. 1995)).

Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### F. Missing Google Account Results

Defendant asks the Government to provide the results of various warrants[2] served on Google. (Dkt. No. 178 at 13.) The Government asserts that two of the search warrants yielded no responsive records, and the third search warrant was a state warrant the results of which have already been provided to Defendant. (Dkt. No. 213 at 6–7.) Because the Government has already provided the request information, Defendant's request is DENIED as moot.

### G. E-mails Received by Alleged Victims While Defendant Was in Custody

Defendant asks for e-mails from Defendant that the alleged victims received while he was in custody. (Dkt. No. 178 at 13–16.) The Government states it has disclosed each of the e-mails requested by Defendant but that it will contact the Seattle Police Department and the King County Prosecuting Attorney's Office to request a complete set of stalking communications sent to victims at those offices during the time frame Defendant highlights. (Dkt. No. 213 at 7–8.) Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### H. Individuals Who Accessed Defendant's Data

Defendant asks the Government to disclose which agents accessed data on his seized devices. (Dkt. No. 178 at 16–17.) He argues this information is necessary "to decide if any Fourth Amendment issues arise and need to be litigated." (*Id.* at 23.) Defendant argues that in *United States v. Rigmaiden*, 844 F. Supp. 2d 982 (9th Cir. 2012), the court required the Government to disclose the identities of individuals involved in a search. (Dkt. No. 178 at 16–17.) However, in *Rigmaiden*, the defendant was seeking disclosure to litigate a motion to suppress, not in preparation for trial. 844 F. Supp. 2d at 990.

---

[2] Defendant requests "subpoena results," but according to the Government it served search warrants and not subpoenas on Google. (*See* Dkt. Nos. 178 at 13, 213 at 6.)

Here, the deadline for Defendant to raise Fourth Amendment issues has already passed. (Dkt. No. 213 at 8.) While still represented by counsel, Defendant filed a comprehensive motion to suppress, which the Court denied. (*See* Dkt. Nos. 128, 153.) Because the deadline has already passed for Defendant to raise additional Fourth Amendment issues, this request is DENIED.

### I. Extraction Reports of Pixel 3a Phone

Defendant asks for the extraction reports of his Pixel 3a phone. (Dkt. No. 178 at 18.) The Government states it will produce the reports. (Dkt. No. 213 at 9.) Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### J. Chain of Custody Forms

Defendant asks for the chain of custody forms for all seized devices. (Dkt. No. 178 at 18–19.) The Government states it has likely produced these forms, but that it will check and produce any chain of custody forms not yet produced. (Dkt. No. 178 at 10.) Because the Government agrees to provide the request information, Defendant's request is DENIED as moot.

### K. Search Protocol Used by Agents

Defendant asks for the search protocol used by agents. (Dkt. No. 178 at 19.) He argues this information is necessary to determine if "any fourth amendment issues arise and need to be litigated." (*Id.* at 23.) Both cases that Defendant cites discuss the discovery that the defendant was entitled to for purposes of filing a motion to suppress. (*Id.* at 19) (citing *United States v. Fu-Tain Lu*, 2010 U.S. Dist. LEXIS 144395 (N.D. Cal. 2010) and *United States v. Bonner*, 2013 U.S. Dist. LEXIS 103087 (S.D. Cal. 2013)). But as noted above, the deadline for pretrial motions has already passed. Accordingly, this request is DENIED.

### L. Grand Jury Instructions

Defendant requests the legal instructions provided to the grand jury. (Dkt. No. 178 at 19–20.) Rule 6(e) creates a presumption in favor of secrecy of grand jury proceedings, which can only be overcome if the defendant can show a "particularized need" for such disclosure. Fed. R. Crim. P. 6(e); *Douglas Oil Co. of Cal. V. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

Speculative assertions of impropriety during the proceedings do not outweigh the policy of grand jury secrecy. *United States v. Ferrebeouf*, 632 F.2d 832, 835 (9th Cir. 1980).

Although grand jury proceedings are secret, the public has a limited right of access to "ministerial records" of a grand jury. *In re Special Grand Jury (for Anchorage, Alaska)*, 674 F.2d 778 (9th Cir. 1984). There is a split of authority as to whether legal instructions provided to the grand jury are simply ministerial in nature, or whether they speak to the substance of the grand jury's deliberation. *See United States v. Pac. Gas & Elec. Co.*, 2015 WL 3958111, slip op. at 12 (N.D. Cal. 2015) (citing cases). The nature of the legal instructions may depend on the manner in which they were presented.

Accordingly, the Court finds that *in camera* review of the legal instructions that the Government provided to the grand jury is appropriate. The Government is INSTRUCTED to submit to the Court all records of the legal instructions it gave to the grand jury for *in camera* review within two weeks of this Order. After review, the Court will determine whether production of the legal instructions is appropriate.

**M. Grand Jury Transcripts**

Defendant requests transcripts from the grand jury proceedings. (Dkt. No. 178 at 20.) The Government states it will provide all of the transcripts to Defendant. This request is DENIED as moot.

**N. Grand Jury Ministerial Records**

Defendant requests various ministerial records related to the selection of the grand jury in this case. (Dkt. No. 178 at 21–22.) As an initial matter, any challenges to the grand jury selection should have been pursued prior to the pretrial motions deadline. However, because Defendant's previous pretrial motions focused on the suppression of evidence, the Court may allow Defendant the opportunity to challenge the grand jury selection.

Access to ministerial records related to the procedural aspects of empaneling a grand jury should be granted unless a specific reason barring discovery is provided. *In re Special Grand*

*Jury (for Anchorage, Alaska)*, 674 F.2d 778 (9th Cir. 1984). As an initial manner, the Government does not oppose the disclosure of the relevant AO-12 form, the Amended Plan for the Random Selection of Grand and Petit Jurors, the master jury list and relevant demographic data with personal information redacted, and any orders authorizing the extension of the grand jury that returned the indictment against Defendant. Accordingly, the Government is INSTRUCTED to produce these materials for Defendant.

Defendant's other requests for grand jury information are overbroad. Although defendants have a near-absolute right to inspect jury lists, *see Test v. United States*, 420 U.S. 28, 30 (1975), this does not mean they get limitless access to all jury-related documents. *United States v. Diaz*, 236 F.R.D. 470, 482 (N.D. Cal. 2006). If Defendant requires additional information, he must show that such information is necessary for the preparation of a challenge to the composition of the grand jury. Accordingly, Defendant's request for additional information on the grand jury, other than the materials listed above, is DENIED.

### O. Complete File of Megan Wood

Defendant asks for the "complete file" of Secret Service Investigative Analyst Megan Wood. (Dkt. No. 178 at 22.) The Government agrees to produce this file, but argues it should not be required to reproduce the materials that have already been provided to Defendant. (Dkt. No. 213 at 15.) The Government also argues it should not have to produce materials not relevant to any testimony Ms. Wood will provide. (*Id.*) The Government's requests are reasonable, and Defendant will receive all relevant information related to Megan Wood. Accordingly, Defendant's request is DENIED as moot.

### P. Fingerprint Examination of Victim-1's Diary

Defendant asks the Court to order the Government to re-examine Victim 1's Diary for additional fingerprints. (Dkt. No. 178 at 23–24.) The Court generally cannot compel the Government to perform a discretionary act. *See Ross v. United States Attorney's Office*, 511 F.2d 524 (9th Cir. 1975). However, under Rule 16, the Government must permit a defendant to

inspect or copy tangible items if the item is material to preparing a defense, the Government intends to use the item in its case-in-chief at trial, or the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Although the deadline to file pretrial motions has passed, inspection of the item may be material to Defendant as he prepares his defense. Accordingly, the Government is INSTRUCTED to provide the diary to Defendant for inspection or to submit a motion to the Court explaining why it should not be required to do so within two weeks of this order.

### Q. Communication Between Emma Scanlan and the Government

Defendant asks for all communications between the Government and Emma Scanlan. (Dkt. No. 178 at 26–27.) The Government states it will produce these communications. Accordingly, this request is DENIED as moot.

### R. Handwriting and Fingerprint Analysis

Defendant asks the Court to order the Government to perform handwriting and fingerprint analysis on a note found in Defendant's house. (Dkt. No. 178 at 28.) As noted above, the Court cannot compel the Government to perform a discretionary act. However, the Government must permit Defendant to inspect the note if it is relevant to its case-in-chief. Accordingly, the Government is INSTRUCTED to provide the note to Defendant for inspection or to submit a motion to the Court explaining why it should not be required to do so within two weeks.

## II. Conclusion

For the foregoing reasons, Defendant's motion (Dkt. No. 178) is GRANTED in part and DENIED in part.

//
//
//
//

DATED this 12th day of January 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE