THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's motions to show good cause (Dkt. Nos. 243, 244, 256, 276) for previously filed motions. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Docket Number 243, GRANTS Docket Number 276, and DENIES Docket Numbers 244 and 256 for the reasons explained herein.

I.   **BACKGROUND**

In November 2022, Defendant opted to proceed *pro se*. (Dkt. No. 173.) By this time, the pretrial motions deadline for this matter had already passed. However, the Court granted Defendant the opportunity to file post-deadline motions. (Dkt. No. 207.) But in doing so, the Court stated Defendant must first explain why good cause exists for each motion he now seeks to file. (*Id.*) The Court will only consider late filed motions if Defendant can show good cause for doing so.

1   Despite this instruction, Defendant filed a number of motions without providing the required explanation.[1] (*See* Dkt. Nos. 215, 220, 232, 233, 234, 236, 237, 238, 239, 240.) The Court struck or denied these motions as untimely. (*See* Dkt. Nos. 223, 241 (orders striking/denying motions).) Defendant then filed a number of new motions, each arguing good cause for the untimeliness of the previously filed motions. (Dkt. No. 243, 244, 256, 276.) Here, the Court will consider whether Defendant has shown good cause for the Court to reach the merits of each untimely motion.

## II.  DISCUSSION

### A.  Good Cause

As an initial matter, Defendant again challenges what constitutes "good cause" to file a motion after the pretrial motions deadline. (*See, e.g.*, Dkt. No. 256 at 2.) While represented, Defendant filed multiple pretrial motions, including a motion to suppress (Dkt. No. 128). Defendant only decided to represent himself *after* seemingly competent counsel filed this motion and, accordingly, after the pretrial motions deadline had passed. (*See* Dkt. No. 207 at 2–3.) Defendant's decision to proceed *pro se* cannot open the door for Defendant to relitigate issues previously decided. However, as the Court previously noted, Defendant may have now obtained information not available to previous counsel. (*See id.* at 2–3.) To the extent this new information, which was previously unavailable, supports a pretrial motion, this represents good cause to file an additional pretrial motion and, on this basis, the Court will consider the merits of such a motion.

However, Defendant continues to assert that his right to represent himself would be denied should the Court not consider motions filed after the deadline. (*See, e.g.*, Dkt. No. 256.) But Defendant will not be prejudiced should the Court not consider such untimely motions.

---

[1] Defendant filed additional motions that were ministerial in nature. (Dkt Nos. 216, 217, 219.) In the interest of judicial economy, the Court reached the merits of each despite Defendant's failure to show good cause.

Despite this instruction, Defendant filed a number of motions without providing the required explanation.[1] (*See* Dkt. Nos. 215, 220, 232, 233, 234, 236, 237, 238, 239, 240.) The Court struck or denied these motions as untimely. (*See* Dkt. Nos. 223, 241 (orders striking/denying motions).) Defendant then filed a number of new motions, each arguing good cause for the untimeliness of the previously filed motions. (Dkt. No. 243, 244, 256, 276.) Here, the Court will consider whether Defendant has shown good cause for the Court to reach the merits of each untimely motion.

## II.  DISCUSSION

### A.  Good Cause

As an initial matter, Defendant again challenges what constitutes "good cause" to file a motion after the pretrial motions deadline. (*See, e.g.*, Dkt. No. 256 at 2.) While represented, Defendant filed multiple pretrial motions, including a motion to suppress (Dkt. No. 128). Defendant only decided to represent himself *after* seemingly competent counsel filed this motion and, accordingly, after the pretrial motions deadline had passed. (*See* Dkt. No. 207 at 2–3.) Defendant's decision to proceed *pro se* cannot open the door for Defendant to relitigate issues previously decided. However, as the Court previously noted, Defendant may have now obtained information not available to previous counsel. (*See id.* at 2–3.) To the extent this new information, which was previously unavailable, supports a pretrial motion, this represents good cause to file an additional pretrial motion and, on this basis, the Court will consider the merits of such a motion.

However, Defendant continues to assert that his right to represent himself would be denied should the Court not consider motions filed after the deadline. (*See, e.g.*, Dkt. No. 256.) But Defendant will not be prejudiced should the Court not consider such untimely motions.

---

[1] Defendant filed additional motions that were ministerial in nature. (Dkt Nos. 216, 217, 219.) In the interest of judicial economy, the Court reached the merits of each despite Defendant's failure to show good cause.

Defendant had the opportunity, and in fact did, present his claims, which the Court considered and ruled on. (*See* Dkt. No. 153 (order disposing of motion to suppress).) And while a *pro se* Defendant has the right to preserve actual control over his case, Defendant chose to proceed with counsel through the pretrial motions deadline. Defendant states he disagrees with prior counsel's case strategy, but he did not raise this objection until *after* the Court ruled on his previous motions.[2] (Dkt. No. 256 at 4.) Defendant's right to proceed *pro se* does not also entitle him to a second bite at the apple.

Finally, Defendant argues that the challenges he is facing proceeding *pro se* while incarcerated are depriving him of due process. (*Id.* at 5–6.) And he argues his pretrial detention is based on the State's speculation that he violated his previous pretrial release conditions. (*Id.* at 6.) But the Court held a detention hearing and made factual findings regarding Defendant's potential as a flight risk; therefore, pretrial detention is necessary. (*See* Dkt. No. 20.)

Nevertheless, the Court has and will continue to ensure Defendant's access to the discovery and resources necessary to prepare a defense.[3] That being said, the challenges Defendant describes do not support an extension of the pretrial motions deadline. Moving forward, if Defendant wishes to file additional motions, he must first show good cause.

**B.  Motion to Cease Warrantless Searches**

Defendant argues the Government continues to improperly search his personal property without a warrant. (Dkt. No. 215.) He asserts there is good cause for the Court to consider this motion because there was no reason to file such a motion previously, since trial was fast approaching at which time any allegedly warrantless searches would subside. (Dkt. No. 244 at

---

[2] At a hearing on Defendant's motion to proceed *pro se*, the Honorable S. Kate Vaughan, United States Magistrate Judge, also advised Defendant that the Court would not necessarily allow him to file additional pretrial motions after the deadline just because he was proceeding *pro se*. (Dkt. No. 173.)

[3] The Court, acknowledging the challenges that arise from self-representation while incarcerated, also previously concluded Defendant does not need to show cause for purely ministerial requests. (Dkt. No. 250.)

7.) This argument is without merit. Prior counsel already raised the issue, by filing a lengthy motion to suppress which challenged the validity of various searches (Dkt. No. 128), which the Court denied. (*See* Dkt. No. 153). Defendant does not present any new evidence that supports the reconsideration of this issue after the motions deadline. Thus, the Court will not reach the merits of Defendant's request (Dkt. No. 215).

### C.  Motion for Subpoenas

Defendant filed a number of requests for subpoenas, seeking information and materials from various police officers, computer experts, and alleged victims in this case. (*See* Dkt. Nos. 220, 233, 234, 236, 237, 238, 239, 275.) Defendant argues there is good cause to file these motions after the motions deadline. (Dkt. No. 243 at 4–6.) "Leave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings" for pretrial production of subpoenaed materials. *United States v. Estes*, 2015 WL 5177819, slip op. at 2 (D. Nev. 2015). Based on his requests, Defendant presumably requests these subpoenas to obtain information pretrial, which requires leave of court.

The Government has not squarely addressed this issue. (*See* Dkt. No. 251 at 3 (arguing the motions for subpoenas are unnecessary under Rule 17).) Accordingly, the Government is INSTRUCTED to respond whether good cause exists for Defendant's motions for subpoenas at Docket Numbers 220, 233, 234, 236, 237, 238, 239, and 275. Alternatively, if the Government agrees that good cause exists for Defendant's untimely motions, it may instead respond to these motions on the merits.

### D.  (Second) Motion to Compel

Defendant moves to compel the Government to produce various arrest warrants, information about the software used to extract data from his devices, and technical certifications from Government experts. (Dkt. No. 240.) Defendant argues he has good cause for the untimely filing of this motion because he did not have access to this information since prior counsel had a different trial strategy. (Dkt. No. 243 at 8–9.) However, this information was all available prior

to the motions deadline. Defendant does not show good cause for this late filed motion and his request is DENIED.

## III.   CONCLUSION

For the foregoing reasons, Defendant's first motion to show good cause (Dkt. No. 243) is GRANTED in part and DENIED in part, his motion to show cause for a Google subpoena (Dkt. No. 276) is GRANTED, and his additional motions to show good cause (Dkt. Nos. 244, 256) are DENIED. In addition, the Government is INSTRUCTED to respond whether good cause exists for Defendant's motions for subpoenas at Docket Numbers 220, 233, 234, 236, 237, 238, 239, and 275.

DATED this 23rd day of February 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE