THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion explaining why it should not be required to produce a victim's diary (Dkt. No. 304). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion (Dkt. No. 304) for the reasons explained herein.

Defendant seeks to compel the Government to produce a diary of one of the alleged victims in this case for Defendant's review. (Dkt. No. 178 at 23–24.) The Court instructed the Government to provide the diary for inspection or explain why it should not be required to do so. (Dkt. No. 252 at 6–7.) The Government so moved, arguing it should not be required to produce the diary for Defendant to inspect. (Dkt. No. 304.)

Under Federal Rule of Criminal Procedure 16, a criminal defendant is entitled to discovery of any items "material to preparing the defense" or that the Government intends to use in its case in chief. Defendant must first make a *prima facie* showing of materiality. *United*

*States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Additionally, the Government must provide any exculpatory evidence or information that impeaches its case. *Brady v. Maryland*, 373 U.S. 83 (1963). Although defendants have no right to review materials to determine if they are exculpatory or have impeachment value, the Government may submit such materials to the Court for *in camera* review if it believes the materiality determination is a close call. *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991).

In seeking its production, Defendant argues the diary may contain hateful entries about the victim's ex-boyfriend that may be relevant to his defense. (Dkt. No. 228 at 8.) In response, the Government represents that the contents of the diary are not material to Defendant's defense. (Dkt. No. 304 at 9.) It notes the diary entries predate the alleged cyberstalking Defendant is accused of. (*Id.*) Moreover, the Government states it does not intend to introduce the substance of the diary as evidence; rather, it only intends to introduce the diary's cover, the ex-boyfriend's name, and photographs of Defendant's fingerprints. (*Id.* at 10.) In support, the Government has also submitted a copy of the diary's contents for *in camera* review. (Dkt. No. 305.)

After careful review of the diary and its contents, the Court concludes that its contents are not material to Defendant's defense. Accordingly, the Government's request (Dkt. No. 304) that it not be required to produce the diary to Defendant is GRANTED.

DATED this 10th day of March 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE