THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's various *ex parte* motions related to his standby counsel, paralegal, and computer expert. (Dkt. Nos. 314, 326, 327, 328, 329.) The Court denied Defendant's previous request for additional funds for a paralegal and/or an investigator. (Dkt. No. 292.) Defendant now requests additional funds for paralegal work (Dkt. No. 327) and for a computer expert (Dkt. No. 327).

As a general matter, the Court is not aware of any authority that states a *pro se* defendant is entitled to unlimited funds to prepare his defense. To date, the Court has taken great care to ensure Defendant, who decided to proceed *pro se*, is afforded every opportunity to prepare and present his case. But given the current case posture, Defendant's requests are unreasonable.

As the Court has reiterated numerous times, the pretrial deadline for this case has passed. (*See, e.g.*, Dkt. No. 292.) Defendant may rely on a paralegal to help him prepare for trial, but his current request, including funds for time to perform legal research, finding an investigator, and

ORDER
CR21-0045-JCC
PAGE - 1

accessing PACER, is overbroad. (Dkt. No. 327 at 10.) Accordingly, the Court DENIES Defendant's request for funds beyond the amount already authorized. As the trial date approaches, Defendant may re-file a request for additional funds for a paralegal detailing *reasonable* hours necessary for trial preparation, which may include the preparation of trial exhibits.[1]

Defendant also requests funds for a computer expert. (Dkt. No. 326.) He requests $7,500 for the expert. But Defendant does not explain why an additional computer expert is necessary. (*See id.*) Previous counsel hired a computer expert, who presumably performed a detailed analysis of the devices at issue. Defendant will not be deprived of the opportunity to prepare his case if the Court denies his request for a second expert at this time.

Finally, Defendant asks for clarification of the role of standby counsel and paralegal. (Dkt. No. 314.) In deciding to represent himself *pro se*, it is Defendant's responsibility to research and prepare to present his defense. As previously noted, "[s]tandby counsel may respond to [Defendant's] specific requests for legal advice." (Dkt. No. 174 at 4.) Standby counsel may also help Defendant with tasks he is unable to accomplish while incarcerated. (*See, e.g.*, Dkt. No. 231 at 2) (authorizing standby counsel to help Defendant find paralegal and investigative services). Defendant may consult with counsel to determine the exact bounds of the role, in line with these obligations previously set forth by the Court.

Accordingly, for the reasons set forth herein, Defendant's motions to appoint a computer expert (Dkt. No. 326) and a paralegal (Dkt. No. 327) are DENIED.

//
//
//

---

[1] Defendant requests leave for his paralegal to file exhibits in support of his various motions. (Dkt. Nos. 328, 329.) Even if these exhibits were filed, the Court would still deny the motions and so the requests to file exhibits are DENIED as moot.

ORDER
CR21-0045-JCC
PAGE - 2

DATED this 20th day of March 2023.

*John C. Coughenour (signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE