THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMIT GARG,<br><br>　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reconsider[1] (Dkt. No. 325) this Court's prior orders. Under the Local Criminal Rules, "[m]otions for reconsideration are disfavored." CrR12(b)(13)(A). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Defendant asks the Court to reconsider its rulings denying his various requests for funds. (Dkt. No. 311 at 1) (citing Dkt. Nos. 246, 260, 263). Defendant asserts these rulings violate Equal Protection and Due Process, along with his right of self-representation. (Dkt. No. 311 at 7–11.) For the reasons described below, the Court finds Defendant fails to present new facts of legal authority

---

[1] Defendant initially filed a letter objecting to alleged Government interference with the preparation of his defense. (Dkt. No. 311.) He subsequently filed a motion asking the Court to consider that letter as a motion for reconsideration. (Dkt. No. 325.)

ORDER
CR21-0045-JCC
PAGE - 1

supporting reconsideration and DENIES Defendant's motion (Dkt. No. 325).

Defendant first argues the Court violated Equal Protection by treating Defendant differently than others, including other *pro se* defendants, his ex-wife, and his court-appointed defense counsel. (Dkt. No. 311 at 7–8.) But Defendant does not present evidence that any of these individuals are similarly situated to him. Moreover, the Court believes that it has carefully considered each of Defendant's requests, given the case's current procedural posture, to ensure Defendant has adequate *reasonable* resources to prepare a defense, in light of the resources provided to date.

Defendant next argues he has been deprived Due Process because he does not have access to all materials to prepare a defense. (Dkt. No. 311 at 10.) But the Court has previously granted Defendant funds to prepare a defense. (*See, e.g.*, Dkt. No. 231 at 2.) And this is over and above the significant funds expended on two sets of appointed counsel, each of which Defendant eventually terminated. (Dkt. Nos. 70, 159.) Nor does Defendant explain, beyond general vague assertions, how Due Process has been violated by the Court's recent denial of his requests for additional funds.

Defendant also argues the Government is interfering with his Sixth Amendment right to represent himself. (Dkt. No. 311 at 11.) Based on the record before the Court, it finds nothing to support this contention. Although the Government has at times opposed Defendant's various requests, none of its actions have interfered with Defendant's right to represent himself.

Finally, Defendant asks the Court to adopt an "*ex-parte* motion practice for supplies." (*Id.* at 1.) But the Government and the Bureau of Prisons, who are currently responsible for housing Defendant, are best equipped to determine whether his voluminous and atypical requests are feasible, not the Court.

//

//

//

1    DATED this 5th day of April 2023.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR21-0045-JCC
PAGE - 3