THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel (Dkt. No. 392). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

First, Defendant asks the Court to allow him to wear a sweater and shoes at visitation. (Dkt. No. 392 at 8.) The Government notes it is FDC policy to require individuals to wear single-layer shirts and prison-issued crocs while in the visiting room. (Dkt. No. 438 at 5.) Contrary to Defendant's assertions otherwise, these requirements do not "amount to torture." (Dkt. No. 392 at 5–6) (citing *Dixon v. Godinez*, 114 F.3d 640, 642–45 (7th Cir. 1995). Unlike in *Dixon*, where the prison facility was often at below freezing temperatures, the FDC is set at a consistent temperature of 72 degrees. (Dkt. No. 438 at 5.) These conditions do not rise to the level of torture.

Next, Defendant asks the Court to order the Government to resolve issues with his

ORDER
CR21-0045-JCC
PAGE - 1

discovery laptop. (Dkt. No. 392 at 8.) The Government states it had a Litigation Support Specialist meet with Defendant to address his concerns and ensure he has access to all the discovery provided to him. (Dkt. No. 438 at 2–3.) Because the Government has addressed Defendant's concerns, this request is moot.

Finally, Defendant alleges BOP has improperly opened his FOIA requests and improperly withheld information that he requested. (Dkt. No. 392 at 4, 8.) He argues he received a response regarding his request, but never received the actual records he requested. (Dkt. No. 483 at 3.) Accordingly, this request is GRANTED. The Government is ordered to produce the relevant records, or file a motion explaining why it cannot do so, within seven (7) days of this order.

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 392) is GRANTED in part and DENIED in part.[1]

DATED this 15th day of May 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defendant also asks the Court to sanction the Government for unreasonably opposing his requests. Because the Court does not find the Government has violated the scheduling order, this request is DENIED.