THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SUMIT GARG,<br><br>                Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant's motion to extend the expert disclosure deadline, for reimbursement, and to compel fundamental fairness. (Dkt. No. 597.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.[1]

       First, Defendant asks the Court to extend the expert disclosure deadline. (Dkt. No. 597 at 1.) The Court recently granted in part Defendant's request for funding for a computer expert. (Dkt. No. 613.) Accordingly, Defendant asks for additional time for him to find and consult with an expert before the disclosure deadline. (Dkt. No. 597 at 5–7.) The Government does not

---

[1] The Government moved for an extension of time to reply (Dkt. No. 598) so as to adequately respond to Defendant's FDC related requests. The Court GRANTS the motion, and will consider the Government's reply (Dkt. No. 611) as timely filed.

ORDER
CR21-0045-JCC
PAGE - 1

oppose the request. (Dkt. No. 611 at 7.) Finding good cause, the Court EXTENDS the expert disclosure deadline to September 1, 2023 and the deadline for rebuttal expert disclosures to September 15, 2023.

Next, Defendant asks for a continuance of trial to 60 days after the expert disclosure deadline. (Dkt. No. 597 at 1.) However, the Court finds that Defendant will have adequate time between the new expert disclosure deadlines and trial to prepare. Accordingly, Defendant's request for a continuance is DENIED.

Third, Defendant asks the Court for reimbursement of expenses. (Dkt. No. 597 at 2.) Defendant alleges he has been required to spend $90 on printing, $96 on stamps, and $1,200 on PACER for legal research. (*Id.* at 10.) But the Court previously concluded the law library at the Federal Detention Center (FDC) is adequate to provide meaningful access to the courts. (Dkt. No. 458.) And the Government provides evidence that Defendant has access to this library. (*See* Dkt. No. 611-1.) Moreover, the cases Defendant cites to do not support his assertion that he may be reimbursed for PACER and printing costs not previously authorized by the Court.[2] Accordingly, Defendant's request for reimbursement is DENIED.

Finally, Defendant makes various Bureau of Prisons related requests. (Dkt. No. 597 at 2–3.) First, he asks that he be allowed to use headphones at visitation. The Government asserts it will allow Defendant to use his own headphones as he requests, making the request moot. (Dkt. No. 611 at 9.) Second, he asks for weekend visitation. The Government notes the FDC already allows weekend visitation, making the request moot. (*Id.*) Third, Defendant asks to change the time for visitation. But the Government asserts this change would place an unreasonable burden on FDC staff. (Dkt. No. 611 at 9–11.) Accordingly, Defendant's request to change visitation

---

[2] Defendant specifically relies on *United States v. Feldman*, 788 F.2d 625 (9th Cir. 1986). But the *Feldman* Court concluded that *pro se* defendants should be reimbursed for "*reasonably* incurred expenses" just as a represented defendant would. *Id.* at 626 (emphasis added). Here, given the availability of the law library at the FDC, the Court concludes the costs Defendant incurred for additional legal research were not reasonable.

hours is DENIED.

Finally, Defendant asks for an order directing FDC to comply with a previous order granting typewriter ribbons. The Government asserts new ribbons have been ordered and will be provided when they arrive, making this request moot.[3]

DATED this 18th day of July 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Defendant asks what makes an issue moot. (Dkt. No. 627 at 6.) A request is moot if the relief sought has been, or will be, provided. *See* Moot, BLACK'S LAW DICTIONARY (11th ed. 2019) (indicating that an issue is moot if it "need not be decided because it is no longer critical to the main issue at hand.") Here, the Government represents it has already taken steps to address Defendant's concerns. If the Government has already acted on a matter, or is in the process of taking action, then nothing remains for the Court to rule on and the issue is moot.

ORDER
CR21-0045-JCC
PAGE - 3