THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Sumit Garg's motion to renew (Dkt. No. 554) a motion to compel discovery of amounts paid in Mr. Garg's defense[1] (Dkt. No 505). In the renewed underlying motion, which the Court will now consider, Mr. Garg asks the Court for the following:

> release all payment vouchers and other billing documents pertaining to the amounts paid for all services rendered by [Mr. Garg's] former counsels. This includes the amounts paid for all ancillary services including computer expert, investigator, copying postage, printing, and other such services.

(*Id.* at 1.) He also asks that the Court provide him information regarding financial assistance provided to his former spouse, ▮▮▮▮▮▮▮. (*Id.* at 7.) Finally, he asks that the Court order the Government to produce "prison account statements for all pro se defendants listed in Dkt.

---

[1] The Court struck the original motion (Dkt. No. 505) because it violated the Order limiting Mr. Garg to filing one motion per week. (*See* Dkt. Nos. 373, 530).

ORDER
CR21-0045-JCC
PAGE - 1

1  No. 260" and "[a]ll documents, billing statements, and other such documents that indicate the
2  funds afforded to these pro se inmates . . . ." (*Id.*)

3   The Criminal Justice Act ("CJA") instructs district courts to provide counsel to indigent
4  defendants. *See generally* 18 U.S.C. § 3006A. This Court, like all district courts, often does so
5  through private attorneys, the terms of which are administered in accordance with the CJA. *See*
6  W.D. Wash. General Order 12-15 (Sept. 10, 2015). Consistent with this practice, Mr. Garg
7  received a series of CJA counsel appointments, each of which he sought the removal of, before
8  eventually electing to proceed *pro se*. (*See* Dkt. Nos. 7, 70, 72, 159, 166, 507.) He now takes
9  issue with the amount of CJA funds this Court has expended in preparation of his *pro se* defense.
10 (*See* Dkt. No. 505 at 1–2.) It is for this reason that he seeks the information described above.

11  Ordinarily, the Court need provide only limited information on CJA funds expended on
12 an individual's defense, at least until trial is complete. *See* 18 U.S.C. § 3006A(d)(4). Because
13 Mr. Garg is seeking information regarding his own defense, rather than that of another
14 defendant, the Court sees no reason to deny Mr. Garg full information now. The sealed attached
15 exhibit contains all CJA vouchers approved by the Court in this matter, through the date of this
16 order.[2]

17  As to the remaining requests, while the Court appointed CJA counsel for ▬▬, it
18 did so only for the purpose of a ▬▬ proceeding. ▬▬▬▬
19 Correspondingly, the Court expended ▬▬ in defense of her resulting charges. And
20 with respect to the *pro se* defendants/inmates Mr. Garg seeks CJA information on, (*see* Dkt. No.
21 260 at 4–5), only Leonel Marin-Torres was prosecuted in this District. *See United States v.*
22 *Marin-Torres*, Case No. CR09-0262-RSL (W.D. Wash. 2009). According to District records, it
23 paid ▬▬ in CJA funds for investigative services and ▬▬ for interpreter/translator services.

---

[2] To the extent Mr. Garg seeks information on later-expended amounts, the Court
suggests Mr. Garg waits until the conclusion of this matter, as any resulting claim for relief based
on this information is best directed to the Ninth Circuit Court of Appeals, following trial in this
matter.

ORDER
CR21-0045-JCC
PAGE - 2

1  The electronic and physical copies of CJA vouchers supporting these amounts were destroyed
2  long ago. Worth noting—though—because Mr. Marin-Torres was represented by ███████
3  ███████████ before electing to proceed *pro se*, the District did not expend CJA funds on
4  Mr. Marin-Torres's legal representation, other than the amounts noted above. Finally, to the
5  extent Mr. Garg seeks information for out-of-District defendants and/or inmates, he should direct
6  his requests to the Clerk's Office for those respective Districts. This Court need not and will not
7  assist in that endeavor.
8      The Clerk is DIRECTED to terminate Docket Number 554.
9      DATED this 3rd day of August 2023.

                                                    */s/ John C. Coughenour*
                                                    John C. Coughenour
                                                    UNITED STATES DISTRICT JUDGE