THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMIT GARG,<br><br>　　　　　　　　　Defendant. | CASE NO. CR21-0045<br><br>ORDER |

This matter comes before the Court on Defendant's motion (Dkt. No. 275) seeking issuance of Rule 17(c) subpoenas duces tecum, along with the renewal of prior motions seeking subpoenaes duces tecum (Dkt. Nos. 220, 233, 234, 236, 237, 238, 239). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motions for the reasons explained herein.

I.  **BACKGROUND**

Defendant filed a number of requests with the Court, seeking subpoenas duces tecum for the production of information from Google regarding certain users' accounts, (Dkt. Nos. 220, 275), along with subpoenas for information from forensic expert Allison Goodman, (Dkt. No. 220), one of Defendant's alleged victims, (Dkt. No. 233), the State Bar of California and the US Attorney's Office for the Northern District of California, (Dkt. No. 234), the King County Prosecuting Attorney's Office, (Dkt. No. 236),

Defendant's ex-wife (Dkt. No. 237), the Seattle Police Department, (Dkt. No. 238), and two other alleged victims. (Dkt. No. 239.) The Court denied each as untimely.[1] (*See* Dkt. Nos. 233, 241.) Defendant then renewed his request, arguing good cause to file the motions past the pretrial motions deadline.[2] (Dkt. Nos. 243, 276.) The Government opposes all but one of the requests, asking the Court to deny them as untimely or, alternatively, find that they fail on the merits. (Dkt. Nos. 403, 406.) The Court will address each in turn.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Criminal Procedure 17(c)(1), "a subpoena may order the witness to produce any books, papers, data or other objects the subpoena designates." However, "[l]eave of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings." *United States v. Estes*, 2015 WL 5177819, slip op. at 2 (D. Nev. 2015). A party seeking pretrial production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended to as a general 'fishing expedition.'

---

[1] In its initial order (Dkt. No. 241), the Court denied Defendant's various motions due to untimeliness. In addition, the Court struck Defendant's motion to renew a subpoena request to Google for failure to show "good cause." (Dkt. No. 223.) Under the circumstances, a denial without prejudice was the more appropriate disposition (rather than striking the motion), and the Court now addresses the renewed request on the merits.

[2] Defendant chose to proceed *pro se* after the pre-trial motions deadline had already passed. Accordingly, the Court instructed Defendant to first file a motion explaining "good cause" for the untimeliness of additional pretrial motions. As the Court previously indicated, if Defendant fails to show good cause for an untimely motion, the Court will not consider the merits of the motion. (Dkt. No. 207 at 3.)

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (footnote omitted).[3] Furthermore, courts have consistently stated that Rule 17(c) "is not intended to provide a means of discovery in a criminal case." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989). Rather, the rule offers a means "to expedite trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 689–99 (1974).

### B. Motion to Renew Two Prior Motions (Dkt. No. 220)

Defendant moves to renew two subpoena requests (Dkt. Nos. 103, 104) filed by his previous counsel. (*See* Dkt. No. 220.)

Defendant's first request is for a subpoena to Google for subscriber and log information of e-mail accounts belonging to the victims. (Dkt. No. 220 at 4.) Defendant withdrew his previous request for this information (Dkt. No. 103) after the parties agreed that the Government would obtain the information from Google directly, and then provide it to Defendant. (*See* Dkt. No. 403 at 6–7.) The Government indicates it has already produced the subscriber and IP log information requested in that subpoena. (Dkt. No. 403 at 6–7.) However, both parties agree the Government failed to produce all the requested information because Defendant's previous counsel misspelled one of the account e-mail addresses. (Dkt. Nos. 220 at 4; 403 at 7.) Were the Court to consider Defendant's request on the merits, the limited information sought satisfies the requirements under Rule 17. The Government agrees. Accordingly, the Court GRANTS Defendant's request for the subpoena to Google. (Dkt. No. 220.)

Defendant also moves to renew a subpoena request (Dkt. No. 104) to computer

---

[3] Defendant argues the Government does not have standing to challenge his subpoena requests. (Dkt. No. 453 at 2–3) (citing *United States v. Ortiz*, 2013 WL 6842559, slip op. at 2 (N.D. Cal. 2013)). Although the Government may not have standing to move to quash the subpoenas at issue, the Court nonetheless has discretion under *Nixon* to determine whether Defendant has met his burden of production.

forensic expert Allison Goodman. (Dkt. No. 220.) The previous request was withdrawn "after having reached [an] agreement with the government regarding the production of these materials." (*See* Dkt. No. 124.) Under that agreement, the Government obtained copies of images from Ms. Goodman of four devices and four e-mail accounts belonging to Melissa Hutchins and Cesar Gonzalez. The Government subsequently reviewed those images to identify the agreed-upon logs and produced those identified items into discovery. (*See* Dkt. No. 403 at 7–10.) The Government argues it has satisfied its burden of production as previously agreed upon. Yet, Defendant contends the Government did not provide all the information relevant to his request. (*See* Dkt. No. 452 at 1–2.) In turn, the Government states that Defendant's motion fails to identify with specificity what information he seeks. (*See* Dkt. No. 403 at 10.) The Court does not have sufficient facts to determine whether an additional subpoena to Ms. Goodman would provide necessary and relevant information that could not have previously been obtained before the pretrial motions deadline.

Accordingly, the Court GRANTS, in part, Defendant's motion (Dkt. No. 220) with respect to Ms. Goodman.

C. **Non-Party's Medical Records (Dkt. No. 233)**

Defendant moved for a Rule 17(c) subpoena seeking the production of documents and records pertaining to the mental-health of one of his victims, Melissa Hutchins (Dkt. No. 233.) The Government has stated sufficient facts showing she has never been ▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Indeed, the information Defendant seeks relates to her ▬▬▬▬▬▬▬▬▬ and her treatment by healthcare providers. Because her primary role at trial will be to testify that she received stalking messages from Defendant, she will be subject to cross-examination. (*See* Dkt. No. 406 at 6.) If and when appropriate, Defendant may inquire regarding her possible medical conditions, symptoms, or medication that might impact her capacity to testify competently. Without more, Defendant has failed to

support the issuance of a Rule 17(c) subpoena to Ms. Hutchins. Accordingly, Defendant's request to subpoena her medical records (Dkt. No. 233) is DENIED.

### D.  Bar Information for Michael Zigler (Dkt. No. 234)

Defendant asks the Court to grant a subpoena duces tecum to the custodian of records at the State Bar of California and the United States Attorney's Office for the Northern District of California for information related to Michael Zigler, the uncle and one of the alleged victims' attorney. (*See* Dkt. No. 234 at 4–5.)

As a threshold matter, this motion is untimely and Defendant fails to show good cause. Defendant fails to even explain why he did not seek the information earlier. (*See* Dkt. No. 243 at 6.) Even if the motion were timely, it is not proper under Rule 17. Indeed, Defendant sought information of alleged complaints filed against Mr. Zigler to the California Bar. (*See* Dkt. No. 234 at 4–5.) Yet, Defendant provided no factual support for the existence of such complaints. Defendant went as far as to file his own complaint against Mr. Zigler to the California bar, but the complaint was summarily dismissed for lack of a factual basis. (*See* Dkt. No. 403 at 12.) Defendant's blatant attempt to seek impeachment evidence under Rule 17 is improper. Generally, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701.

Accordingly, Defendant's request for a subpoena related to Michael Zigler (Dkt. No. 234) is DENIED.

### E.  King County Prosecuting Attorney's Office Records (Dkt. No. 236)

Defendant asks for a subpoena duces tecum to the King County Prosecuting Attorney's Office ("KCPAO"). (*See* Dkt. No. 236 at 2.) According to the Government, it has already provided Defendant with "all reports written by SPD officers, all evidence gathered by SPD officers, all body camera video of SPD officers, as well as other information assembled by SPD during its investigation." (Dkt. No. 403 at 13.) And

1  Defendant presents the Court with nothing to suggest otherwise. (*See generally* Dkt. No.
2  369.) Moreover, Defendant fails to show good cause for his untimely motion. (Dkt. No.
3  243 at 4.)
4       In addition, this request does not meet Rule 17(c)'s requirements of "relevancy,
5  admissibility, and specificity." *See United States v. Reed*, 726 F.2d 570, 570–76 (9th Cir.
6  1984). A request for "[a]ll records, summaries, writings, documents, notes, memo's
7  regarding and/or related to Garg and/or Hefton and/or Hutchins…[and] others involved in
8  the investigation [of Defendant Garg from March 2020 to present]," (Dkt. No. 236 at 2–
9  3), is too sweeping and ambiguous to meet the limiting standards under Rule 17. Indeed,
10 Defendant's motion strongly suggests he is more interested in discoverable material than
11 evidentiary material. Rule 17 is not intended as a general discovery device; its purpose is
12 to obtain specific and relevant information for trial. *See Reed*, 726 F.2d at 577.
13      Accordingly, Defendant's request for a subpoena to KCPAO (Dkt. No. 236) is
14 DENIED.[4]
15      **F.**     **Lindsay Hefton (Dkt. No. 237)**
16      Defendant asks for a subpoena duces tecum to Lindsay Hefton. (*See* Dkt. No. 237).
17 But this request is untimely, and Defendant fails to explain why he could not have made
18 this request before the pretrial motions deadline.[5] Accordingly, Defendant's request for a
19 subpoena to Ms. Hefton (Dkt. No. 237) is DENIED.

---

[4] Defendant argues the materials he requested are not protected as law enforcement work product. (*See* Dkt. No. 236 at 4.) But the reason for denial is not that the requested material is privileged, but that he has not stated with sufficient specificity the information he requires.

[5] Even if the requests were timely, they are not proper for the reasons set forth in the Government's response. (Dkt. No. 403 at 16–17.)

**G.      Request to Seattle Police Department (Dkt. No. 238)**

Defendant asks for a subpoena duces tecum to the Seattle Police Department. (*See* Dkt. No. 238.) But this motion is untimely. Defendant notes he previously tried to obtain the requested information, but does not explain why he did not file a Rule 17 subpoena request prior to the pretrial motions deadline.[6] (Dkt. No. 238 at 17–18.) Accordingly, Defendant's request for a subpoena to the Seattle Police Department (Dkt. No. 238) is DENIED.

**H.      Request to Alleged Victims (Dkt. No. 239)**

Defendant asks the Court for a subpoena duces tecum for various alleged victims in this case. (Dkt. No. 239.) But this motion is untimely. Defendant notes prior counsel asked for this information and the Government declined to provide it. (*See* Dkt. No. 239 at 3.) But he did not file a subpoena request at that time, and Defendant fails to show that his untimely motion is warranted. Additionally, were the Court to consider the requests on their merits, they are either overbroad (*e.g.*, all communications related to Garg/Hefton) and/or unreasonable (*e.g.*, resumes, address history, notes). (*See* Dkt. No. 236 at 2-4.) Accordingly, Defendant's request for a subpoena to the victims (Dkt. No. 239) is DENIED.

**I.      Additional Request to Google (Dkt. No. 275)**

Finally, Defendant asks the Court to issue a subpoena duces tecum to Google for information regarding four user accounts allegedly used to stalk victims. (*See* Dkt. No. 275 at 2–4.)[7] The Government previously obtained some records from Google and produced them in discovery. Here, however, because the subpoena does not require producing personal or confidential information about a victim, and Defendant's request

---

[6] Even if the requests were timely, the requests are not proper, for the reasons set forth in the Government's response. (Dkt. No. 403 at 18–22.)

[7] Defendant alleges that some of the accounts were used by his ex-wife while he was in custody and are crucial to his legal defense.

ORDER
CR21-0045-JCC
PAGE - 7

meets the general reguirements of Rule 17(c)(1), the Court GRANTS Defendant's request for a Rule 17(c) subpoena to Google for the information sought (Dkt. No. 275).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's current and prior motions for subpoenas (Dkt. Nos. 220, 233, 234, 236, 237, 238, 239, 275) and ORDERS as follows:

1. The Clerk is DIRECTED to prepare a subpoena duces tecum to Google seeking production of information described in Exhibit A to this Order. The Clerk is then DIRECTED to provide the subpoena, with the attached exhibit, to Defendant to complete.

2. Defendant is INSTRUCTED to complete the subpoena for the place, date, and time for which production is to occur, and return it to the Court for service to Google. Defendant is FURTHER INSTRUCTED to advise the Court where service should be effected on the recipient.

3. The United States Marshals service is then ORDERED to promptly serve the subpoeana at the address indicated by Defendant and file the returns of service. The cost of process, fees, and expenses for the production shall be paid as if subpoenaed on behalf of the Government, the Court being satisfied that Defendant is unable to pay the fees and expenses and that Defendant has established that the documents are necessary to prepare an adequate defense.

4. The Government is ORDERED to produce the additional missing information sought from Ms. Goodman referenced above, or to file a notice explaining why the information it has produced satisfies the previous agreement between the parties.

//

//

1  //

2  //

3

4 DATED this 14th day of August 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR21-0045-JCC
PAGE - 9