THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SUMIT GARG,<br><br>                Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for leave to amend Dkt. No. 605 in which he purports to designate himself as his own defense expert. (Dkt. No. 653.) The Court has previously extended the deadline for expert disclosures on three occasions on Defendant's request, including once after the Court granted Defendant's request for funding for an expert. (*See* Dkt. Nos. 378, 522, 639.) In his renewed underlying motion, which the Court now considers, Defendant Garg again seeks to serve as his own forensic computer expert. (*See* Dkt. No. 653.) For the reasons described below, the Court DENIES Defendant's motion.

      Federal courts have recognized that "individuals who testify as expert and fact witnesses can cause jury confusion, and such a manner of proceeding is only acceptable where 'the district court took adequate steps . . . to make certain that [the witness's] dual role did not prejudice or confuse the jury.'" *United States v. Garcia*, 752 F.3d 382, 391 (4th Cir. 2014) (quoting *Wilson*, 484 F.3d at 278 n. 5). While a cautionary instruction might be sufficient in certain circumstances,

the Court is persuaded that, in the instant case, such an instruction here would be insufficient to mitigate the potential for prejudice. Indeed, the issue before this Court is not the traditional issue of a "dual-hatted" criminal defendant seeking to serve as his expert witness. Rather, this Court must weigh the prejudicial effect of allowing a triple-hatted Defendant who, in the instant case, would serve as counsel, expert, and criminal defendant. *See, e.g.*, *Snyder v. Bank of America, N.A.*, 2020 WL 6462400 (N.D. Cal. 2020) ("to allow Plaintiff to testify as both a plaintiff and expert witness and potentially as her own advocate at trial would be unfairly prejudicial, misleading and confusing to the jury.") Evidently, the likelihood of jury confusion is substantial if Defendant is permitted to appear as Garg the criminal defendant, Garg the *pro se* advocate, and Garg the expert witness.

      Accordingly, this Court FINDS that granting Defendant's motion to serve as his own expert witness (Dkt. No. 653) would cause too much confusion and raises the specter of unfair prejudice throughout trial. *See* Fed. R. Evid 403 (evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). For the foregoing reasons, the Court DENIES Defendant's motion.

DATED this 8th day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE