THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

                              Plaintiff,

      v.

SUMIT GARG,

                            Defendant.

CASE NO. CR21-0045-JCC

ORDER

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

     This matter comes before the Court on Defendant's self-styled "motion" in limine.[1] (Dkt. No. 679.) Defendant, in fact, petitions the Court to reconsider its previous denial of Defendant's motion to compel forensic tools. (*See* Dkt. No. 342.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the reconsideration motion for the reasons explained herein.

     Motions for reconsideration are generally disfavored. LCR 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to

---

[1] Defendant's self-styled "motion in limine" is, in fact, a motion for reconsideration of this Court's previous denial of his motion to compel forensic tools. (Dkt. No. 342.) The Court reviews Defendant's motion for reconsideration on the merits.

rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

Here, Defendant's motion represents his latest effort at compelling discovery that this Court has repeatedly denied. (*See* Dkt. Nos. 192, 241, 242, 342.) Indeed, Defendant Garg first sought to compel the forensic tools at issue in his Second Omnibus Motion, where he requested "the court to order the government to install all necessary software tools including but not limited to Microsoft Office, VLC Media Player, and audio/video editing software." (*See* Dkt. No. 176.) The Court denied Defendant's request because of the security concerns posed by affording the Defendant unfettered access to such software. (Dkt. No. 192.) Defendant subsequently filed a motion requesting the same forensic software. (Dkt. No. 228.) There, too, the Court denied Defendant's motion to compel, noting that "Defendant will not be deprived of the right to adequately prepare his defense without direct access to the requested software." (Dkt. No. 242.) Despite its second ruling on the matter, Defendant filed yet another motion complaining about the Court's "capricious exclusion[ary]" rulings and demanding production of "technical evidence" discovery. (*See* Dkt. No. 556.) This matter now comes before the Court on Defendant's fourth attempt at compelling discovery that this Court previously denied. (Dkt. No. 679.)

A motion for reconsideration should not be used to ask the court to rethink what the court has already thought through. *Ma v. Univ. of S. California* (2019).  In making its prior determinations, the Court noted that Defendant should have access to the extraction reports provided by the Government. If he wishes to examine the complete forensic images of each device, the Government has indicated a willingness to provide those images. Defendant will, however, need to rely on a computer expert to help review the images.

Accordingly, his request for reconsideration is DENIED.

1
2
3
DATED this 8th day of September 2023.
4
5
6
7
John C. Coughenour
UNITED STATES DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER
CR21-0045-JCC
PAGE - 3