THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's self-styled motion to dismiss.[1] (Dkt. No. 652.) In his motion, Defendant asserts sweeping constitutional claims under several Amendments to the United States Constitution for which, Defendant argues, compels the dismissal of the charges against him. (*Id.*)

The Local Rules provide that "[m]otions for reconsideration are disfavored." Local Rule CrR13(a). Indeed, reconsideration is only appropriate where there is "manifest error in the prior

---

[1] Defendant first filed his motion to "Dismiss Case for 4th, 5th, 6th, and 8th Amendment Violations" (Dkt. No. 652) on July 26, 2023, which the Court struck (Dkt. No. 659) for failure to comply with the Court's limiting Order (Dkt. No.373). Defendant subsequently moved to renew "all Struck Motions" (Dkt. No. 665) including the motion at issue here, which the Court again denied (Dkt. No. 675) for failure to comply with the Court's limiting Order. On August 30, 2023, Defendant again filed his current motion (Dkt. No. 697) which the Court now takes up for review as Defendant's motion for the week ending September 1, 2023, per this Court's Minute Order (Dkt. No. 659) noting that Defendant may not retroactively assign motions and that the Court will only consider the first motion it receives each week.

1  ruling or a showing of new facts or legal authority which could not have been brought to [the
2  Court's] attention earlier with reasonable diligence." *Id*. "A motion for reconsideration should
3  not be used to ask the court to rethink what the court had already thought through—rightly or
4  wrongly." *Ma v. University of S. Cal.*, 2019 WL 1239269, at *1 (W.D. Wash. 2019).

The Court now turns to Defendant's claims.

**A.  Fourth Amendment Claim: Motion to Suppress**

In his first Fourth Amendment claim, Defendant petitions the Court to reconsider its denial (Dkt. No. 153) of a motion to suppress (Dkt. No. 128) challenging the Government's search and seizure of cellular phones and computers. (*See generally* Dkt. No. 128.) In that motion, Defendant argued that his cell phone was improperly seized and searched without a warrant. (Dkt. No. 128.)

As the Court stated then, an officer may perform a warrantless search incident to arrest by searching the arrestee's person and the area within the arrestee's immediate control. *Arizona v. Gant*, 556 U.S. 332, 339 (2009). The search may occur shortly before the arrest, so long as the arrest follows during a continuous sequence of events. *United States v. Johnson*, 913 F.3d 793, 799 (9th Cir. 2019), *rev'd on other grounds*, 140 S. Ct. 440 (2019). On the facts, the Court reasoned that, because the officer in question searched for and subsequently seized Defendant's phone immediately prior to his lawful arrest, the search occurred during a continuous sequence of events for which no Fourth Amendment violation may arise. Defendant has failed to establish manifest error in the Court's reasoning or set forth new facts or legal authority that would redound to his benefit as it applies to his Fourth Amendment claim.

Accordingly, Defendant's motion to reconsider (Dkt. No. 652) his motion to suppress (Dkt. No. 128) is DENIED.

**B.  Fourth Amendment Claim: Motion to Compel**

In his second Fourth Amendment claim, Defendant seeks to have his twice-denied motion to compel reconsidered. (*See generally* Dkt. Nos. 228, 393.)  There, Defendant petitioned

the Court to compel the Government to return devices that "have nothing to do with the alleged crime." (Dkt. No. 228 at 12–15.) The Court denied Defendant's motion, noting that "retention of property is generally reasonable if [the] government has a need for the property in an investigation or prosecution." (*See generally* Dkt. No 242.) Having previously considered and rejected Defendant's claim on its merits, and being confronted with no manifest error, new facts, or new authority, the Court is compelled to similarly rule.

Accordingly, Defendant's motion to reconsider (Dkt. No. 652) his motion to compel (Dkt. Nos. 228, 393) is DENIED.

### C. Fifth Amendment Claim: Due Process Violation

Next before the Court is Defendant's broad assertion that his Due Process rights under the Fifth Amendment have been violated because "this Court has allowed the proceedings to become fundamentally unfair." (Dkt. No. 652 at 6.) Defendant makes out two claims under this broad assertion. First, Defendant alleges that the Court has interfered with his right to have a computer forensic expert. (Dkt. No. 652.) However, the record clearly establishes that any delay Defendant encountered with obtaining an expert was attributable to either: (1) Defendant's failure to comply with this Court's limiting Order (Dkt. No. 613), or (2) Defendant's failure to articulate why he required an additional expert despite work previously done by an expert hired on his behalf.[2] Yet, once Defendant properly renewed his motion for appointment of an expert, the Court granted his motion. (Dkt. No. 613.) Ultimately, then, Defendant is the but-for cause of the delays he faced in obtaining an expert and, accordingly, no cognizable Fifth Amendment injury arises.

Second, Defendant asserts that "[it is] fundamentally unfair to a *pro se* defendant to have

---

[2] The Court denied Defendant's first request for appointment of an expert because he failed to explain why he needed an additional expert in light of work done by Mr. Lehman, an expert hired by Defendant's previous counsel, Peter Camiel. The Court subsequently struck Defendant's *ex parte* request for appointment of an expert due to his failure to comply with the Court's limiting Order. (*See generally* Dkt. No. 613.)

ORDER
CR21-0045-JCC
PAGE - 3

a biased trial judge." (Dkt. No. 652 at 7.) While certainly true as a statement of law, the facts of the instant case belie its application here. Indeed, Defendant has twice moved to recuse the Court based on alleged prejudice. (*See generally* Dkt. Nos. 587, 646.) Defendant's first motion for recusal was referred to Chief Judge David G. Estudillo who denied the motion, stating that Defendant had set forth "no facts questioning Judge Coughenour's impartiality." (Dkt. No. 626.) Defendant then moved for reconsideration of that ruling. (Dkt. No. 646.) Judge Estudillo denied that motion, stating there was no indication of personal bias against Defendant. (*See* Dkt. No. 699.) Defendant's current motion is, in essence, an attempt to have his twice-denied motion for recusal, renewed. Having twice considered and rejected Defendant's claim on the merits, and being confronted with no manifest error, new facts, or new authority, the Court accordingly DENIES Defendant's motion to reconsider (Dkt. No. 652) his motion for recusal (Dkt. Nos. 587, 646).

### D. Sixth Amendment Claim: Ineffective Assistance of Counsel

Next before the Court is Defendant's Sixth Amendment claim. There, Defendant petitions the Court to dismiss the case based on Defendant's own ineffectiveness in representing himself. (*See generally* Dkt. No. 652.) The Court disagrees with Defendant's theory.[3] The Sixth Amendment grants to the accused personally the right to make his defense. U.S. Const. amend. VI, § 1. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of "that respect for the individual which is the lifeblood of the law." *Illinois v. Allen*, 397 U.S. 337, 350–51 (Brennan, J., concurring). Plainly stated, Defendant's unskilled efforts at mounting his own defense, while honored by this Court, do not give rise to a

---

[3] *See Faretta v. California*, 422 U.S. 806, 834 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law. Thus, whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.").

ORDER
CR21-0045-JCC
PAGE - 4

Sixth Amendment injury.

Accordingly, Defendant's motion to reconsider (Dkt. No. 652) is DENIED as it relates to Defendant's Sixth Amendment violation claim.

### E.  Eighth Amendment Claim: Cruel and Unusual Punishment

Next before the Court is Defendant's theory that this Court's Order (Dkt. No. 373) limiting him to one motion per week, not to exceed fifteen pages, constitutes "cruel and unusual punishment." (*See* Dkt. No. 652 at 12—13.) Defendant cites no caselaw nor is the Court aware of any authority standing for the proposition currently put forth by Defendant. Furthermore, Judge Estudillo's denial of Defendant's motion for recusal on the basis that there was no indication of personal bias against Defendant discharges the allegation entirely. (*See* Dkt. No. 699.)

Accordingly, Defendant's motion to reconsider (Dkt. No. 652) is DENIED, as it relates to his Eighth Amendment violation claim.

For the foregoing reasons, Defendant's motion to reconsider (Dkt. No. 652) is DENIED.

DATED this 11th day of October 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE