THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion *in Limine* to Exclude Government Fingerprint Experts. (Dkt. No. 678.)[1] In his motion, Defendant argues that the Government has failed to provide adequate expert disclosure in violation of Rule 16.

After careful review of the record, the Court finds that Defendant's argument is without merit.[2] Accordingly, Defendant's motions (Dkt. Nos. 678, 715) are DENIED.

In relevant part, Federal Rule of Criminal Procedure 16(a)(1)(G) provides as follows:

　　(i)　**Duty to disclose.** At the defendant's request, the government must disclose to the

---

[1] The Court previously struck Defendant's motion at Dkt. No. 678 for violating the Court's limiting Order. (Dkt. No. 708.) Defendant renewed his motion (Dkt. No. 715) which the Court now reviews on the merits.

[2] It appears that Defendant's motion was written prior to the Government's recent expert disclosure dated September 1, 2023. The Government's most *recent* expert disclosure complies with Rule 16.

ORDER
CR21-0045-JCC
PAGE - 1

        defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C)(i). . . .

(iii)    The disclosure for each expert witness must contain:

1. A complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
2. The bases and reasons for them;
3. The witness's qualifications, including a list of all publications authored in the previous 10 years; and
4. A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

        In the instant case, the Government anticipates introducing evidence from two latent fingerprint examiners: Kelly Anderson and Amanda Poast. (Dkt. No. 740.) In fulfilling its Rule 16 obligations, the Government provided notice to Defendant concerning Ms. Anderson's expert testimony. (Dkt. No. 740-1 at 2–3.) There, the Government set forth the bases and reasons for Ms. Anderson's testimony which identified five matching fingerprints belonging to Defendant. (*See generally id.* 5–8.) Upon careful review of the exhibits provided, the Court is satisfied that the Government has adequately set forth Ms. Anderson's opinion and the bases for them.

        Accordingly, Defendant's motion to exclude the Government's expert testimony due to inadequate expert disclosure (Dkt. Nos. 678, 715) is DENIED.

DATED this 20th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE