THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMIT GARG,<br><br>　　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to exclude evidence (Dkt. No. 745).[1] Defendant argues that suppression is appropriate because the Government violated certain privileges, namely, Defendant's marital-communications and psychotherapist-patient privileges.[2] (*Id*.) Upon consideration of the briefing, and a careful review of the record, the Court finds that Defendant's motion (Dkt. No. 745) is without merit and is thus DENIED.

Defendant is charged with one count of conspiracy, in violation of 18 U.S.C. § 371, and with seven counts of cyberstalking, in violation of 18 U.S.C. § 2261A. (Dkt. No. 117.) During its

---

[1] The Court previously struck Defendant's motion at Dkt. No. 604 for violating the Court's limiting Order. (Dkt. No. 708.) Defendant renewed his motion (Dkt. No. 745) which the Court now reviews on the merits.

[2] Defendant claims to have discovered large numbers of privileged documents that the filter team ostensibly failed to segregate from the materials provided to the Government's investigative team. (*See generally* Dkt. No. 513.) As discussed below, Defendant's allegations are without merit.

investigation, the Government obtained digital evidence from numerous devices belonging to Defendant. Relevant here, are the following pieces of evidence:

(1) A "Pixel 3a" cellular telephone seized by the Seattle Police Department ("SPD") upon Defendant's November 20, 2020, arrest at his residence;

(2) Cellular telephones and other digital devices seized by the SPD on February 26, 2021, upon the execution of a search warrant at Defendant's residence;

(3) Cellular telephones seized by Secret Service agents on August 12, 2021, upon the execution of a search warrant of Defendant's shared residence.[3] (Dkt. No. 759-1.)

(4) The contents of 22 Google accounts Defendant allegedly created and used, which the Government searched based on warrants served on certain Internet Service Providers. (Dkt. No. 759-2.)

Prior to assessing the evidence contained in these devices, the Government used a "filter team" to prevent privileged materials from being reviewed by its investigative team. (Dkt. No. 759.) The Government issued a memorandum setting forth the procedures that the filter team would follow in its review.[4] (*See* Dkt. No. 759-3.) In addition to these guardrails, the Government adopted two additional protections. First, all filter agents were from offices other than the Seattle office, where the investigation is based. Second, the Government provided materials segregated as non-privileged to Defendant's counsel at the time, Peter Camiel. (Dkt. No. 759 at 6—7.) Once Mr. Camiel confirmed whether materials were privileged, the filter team provided copies of those materials to the Government's investigative team. (*Id*.)

Defendant now petitions the Court to suppress the Government's evidence because of the

---

[3] Since obtaining the March 4, 2021, warrant the government has obtained additional warrants, either to renew its authority to conduct searches or to search newly obtained devices.

[4] Specifically, the investigative team provided the filter team with images of digital devices and portions of materials to be reviewed. The investigative team did so without examining the actual contents of the material provided. The filter team then separated materials into privileged and portions and non-privileged materials, and provided only the non-privileged materials to the investigative team. (*See generally* Dkt. No. 759-3.)

alleged failure to segregate privileged materials from the Government's investigative team. (Dkt. No. 513.)

### A. Defendant's Attorney-Client Privilege Claim

Defendant first argues that the Government's method of reviewing the evidence seized violated his Sixth Amendment right. (Dkt. No. 604.) However, a defendant asserting a Sixth Amendment injury on the basis that the Government obtained attorney-client privileged information must make a *prima facie* showing that the Government "acted affirmatively to intrude into the attorney-client relationship and thereby to obtain the privileged information." *United States v. Danielson*, 325 F.3d 1054, 1071. (9th Cir. 2003). Here, Defendant has plainly failed to meet his burden. The record illustrates that the Government went to great lengths to avoid having privileged materials reviewed by its investigative team. Indeed, the Government's filter protocol involved review of materials by Secret Service agents from other offices. The Government also allowed defense counsel to review potentially non-privileged materials before they were released to the investigative team. Although a few documents made it through the filter process, nothing in the record lends itself to the view that the Government "acted *affirmatively* to intrude" into Defendant's attorney-client relationship. *Danielson* at 1071.

### B. Defendant's Marital-Communications and Psychotherapist-Patient Claim

Defendant next argues that the Government's evidence should be excluded for violating his marital-communications and psychotherapist-patient privileges. (Dkt. No. 604.) At the outset, the Court notes that unlike the attorney-client privilege, both the marital-communications privilege and the psychotherapist-patient privilege are evidentiary privileges without constitutional significance. *See United States v. Carlson*, 946 F. Supp. 2d 1115, 1128-29 (2013) (addressing marital privilege); *Henry v. Kernan*, 197 F.3d 1021, 1030-31 (9th Cir. 1999) (addressing psychotherapist-patient privilege). As a result, "courts have refused to suppress evidence 'obtained as a result of one spouse's disclosure of confidential marital communications to the police.'" *Carlson*, 946 F. Supp. 2d at 1129 (quoting *United States v. Irons*, 646 F. Supp. 2d

927, 957 (E.D. Tenn. 2009).

Accordingly, Defendant's' motions to exclude the Government's evidence (Dkt. Nos. 604, 745) are DENIED without prejudice. Defendant may file briefing asserting evidentiary challenges but should do so by citing proper authority.[5]

DATED this 28th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] There is no constitutional psychotherapist-patient or marital-communications privilege, only federal evidentiary ones. Therefore, at best, Defendant's challenge is evidentiary in nature for which a constitutional remedy is improper. Defendant is free to file his evidentiary challenges by citing the Federal Rules of Evidence and other such legal bases that support the relief sought.