THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion *in limine* seeking two evidentiary rulings. (Dkt. No. 749). First, Defendant petitions the Court to preclude the testimony of Lindsay Hefton, Defendant's former spouse, concerning alleged domestic violence against her by Defendant. (Dkt. No. 749.) Second, Defendant requests that various statements made by counsel for the United States as well as statements made by federal and state agents be deemed admissible. (*Id*.) Upon consideration of the briefing, and a careful review of the record, the Court GRANTS in part and DENIES in part Defendant's motion (Dkt. No. 749) for the reasons stated herein.

Defendant is charged with one count of conspiracy to engage in cyberstalking, in violation of 18 U.S.C. § 371, and seven counts of cyberstalking, in violation of 18 U.S.C. § 2261A. (Dkt. No. 117.) During its investigation, the Government obtained evidence that is now the subject of Defendant's motion. Relevant here, are the following pieces of evidence:

  (1) Testimony from Ms. Hefton concerning domestic violence against her by Defendant.

  (2) Statements made by Government prosecutors in pleadings.

  (3) Statements made by federal agents in search warrant applications.

  (4) Statements made by Seattle Police Department ("SPD") officers in state and local search warrant applications (before federal charges were filed).

Defendant petitions the Court to suppress Ms. Hefton's testimony and to compel the production of various statements made by state and federal agents, as well as federal attorneys. (*See generally* Dkt. Nos. 749, 762.) The Court addresses Defendant's arguments in turn.

**A. Lindsay Hefton's Testimony**

As to Ms. Hefton's potential testimony concerning domestic violence, Defendant asserts that it "has no temporal connection to stalking" and, as such, is subject to Rule 404 and Rule 802 exclusions. (*See generally* Dkt. Nos. 762 at 2, 749 at 4—6.) His argument seems to be that testimony of domestic violence is apt for preclusion because it is not "inextricably intertwined" with the underlying charges.

There are two categories of cases in which the Ninth Circuit considers evidence "inextricably intertwined" with the underlying crime such that admissibility is proper, at least for purposes of Rule 802. Relevant here is the exception for evidence used "in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995). "It is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Id.* at 1012–13.

Here, the Court is satisfied that the potential commission of domestic violence by Defendant is inextricably intertwined with the underlying charges he now faces. First, the domestic violence has a temporal connection to the underlying case because it is alleged to have occurred throughout Defendant's stalking campaign. (Dkt. No. 753.) Second, the domestic

violence has a causal connection to the underlying case because Ms. Hefton will presumably testify that Defendant's abuse was one reason for her involvement in the crimes Defendant is now charged with. Ultimately, testimonial evidence that Defendant physically abused Ms. Hefton would carry a sufficient contextual and substantive connection to the alleged crime to justify its introduction into evidence. While preclusion at this stage is improper, the Court notes that Defendant will be entitled to vigorously cross-examine Ms. Hefton at trial. Moreover, he can renew his objection during trial.

Accordingly, Defendant's motion to preclude (Dkt. No. 749) is DENIED without prejudice with respect to Ms. Hefton's testimony.

**B. Government Statements**

Defendant next petitions the Court to allow into evidence various statements made by state and federal agents, including statements made by officers of the SPD and Government prosecutors. (Dkt. No. 749.) Defendant argues that these statements constitute admissions of his party-opponent and are thus admissible under Rule 801(d)(2)(D). (*See generally* Dkt. Nos. 749, 762.) The Court first addresses Defendant's arguments with respect to federal Government attorneys.

1. Statements by Federal Government Prosecutors

The Ninth Circuit has not decided whether statements by federal Government attorneys qualify as admissions by party opponents under Rule 801(d)(2). However, many sister circuits have recognized that, under the rules for admissions by party opponents, a defendant may offer statements that Government attorneys make. For instance, the First Circuit allowed the introduction of statements located in a Department of Justice legal brief, as an admission by a party opponent. *United States v. Kattar*, 840 F.2d 126, 130–31 (1st Cir. 1988). In so ruling, it stated: "Whether or not the entire federal government in all its capacities should be deemed a party-opponent in criminal cases, the Justice Department certainly should be considered such." *Id.* at 130. Similarly, the Second Circuit "has recognized that the government's attorneys can

bind the government with their in-court statements." *United States v. Yildiz,* 355 F.3d at 8.

The United States has presented no persuasive arguments that would justify departing from the general rule that federal Government attorneys are party opponents in criminal cases. *See Kattar,* 840 F.2d at 131 (finding statements admissible under Rule 801(d)(2)(B) where the Justice Department evinced a sincere belief in their truthfulness by submitting them to federal courts.) As the advisory committee note to Rule 801(d)(2)(C) contemplates, there is a principal-agent relationship between the United States and the United States Attorney's Office for the purposes of prosecuting criminal matters.[1] *See* Fed.R.Evid. 801(d)(2)(C) advisory committee's note (describing the relationship contemplated in rule 801(d)(2)(C) as a "principal" and "agent" relationship). It follows, therefore, that federal Government attorneys are party opponents of the defendant in criminal cases.

Accordingly, the Court GRANTS Defendant's motion (Dkt. No. 749) at least as it relates to admitting statements made by federal Government attorneys.[2]

2. <u>Statements by Federal and State Law Enforcement</u>

Defendant essentially petitions the Court to also recognize the party-opponent exception for federal and state law enforcement. The Court will not do so. Courts faced with this issue have similarly refused to apply the party-opponent exception to federal agents testifying in criminal trials based on the rationale that no individual can bind the sovereign. *See United States v. Kampiles,* 609 F.2d 1233, 1246 (7th Cir. 1979) ("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the

---

[1] Under Rule 801(d)(2)(D), the United States Attorney's Office, based on its general agency relationship with the United States to prosecute crimes, is "the party's agent or employee" who is capable of making statements "on a matter within the scope of that relationship while it existed." Fed. R. Evid. 801(d)(2)(D).

[2] While the Court agrees with the Government that Defendant's motion misstates some of the statements he wishes to introduce, this would become self-evident should they be introduced. And nothing in this ruling precludes the Government from seeking their exclusion on evidentiary grounds other than Rule 801.

ORDER
CR21-0045-JCC
PAGE - 4

sovereign, their statements seem less the product of the adversary process and hence less appropriately described as admissions of a party.") (citations omitted), *cert. denied,* 446 U.S. 954 (1980). Because principles of sovereign immunity compel this Court to reject Defendant's proposed rule recognizing federal agents as party-opponents, *a fortiori* the Court must reject its application to state agents.[3]

Accordingly, the Court DENIES Defendant's motion (Dkt. No. 749), at least as it relates to admitting the statements of federal and state law enforcement.

DATED this 30th day of November 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The Court agrees with the Government that SPD officers are not agents of, and have no authority to bind, the United States Government. As a result, their statements cannot be admitted as statements of a party opponent by a defendant in a federal criminal prosecution.