THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion seeking issuance of Rule 17(c) subpoenas *duces tecum*. (Dkt. No. 607.)[1] Defendant filed the motion *ex parte*, arguing that the subpoenas must issue under seal to preserve the confidentiality of defense strategy. (*See* Dkt. No. 368 at 10–12.) Because the motion was filed under seal, the Government has not had an opportunity to review Defendant's subpoena requests. The Court nonetheless has discretion to determine whether Defendant has met his burden of production and, whether under the circumstances, Rule 17(c) requires the Court to entertain Defendant's *ex parte* motion for subpoenas *duces tecum*. *See United States v. Nixon*, 418 U.S. 683, 699–700 (1974).

Under Federal Rule of Criminal Procedure 17(c)(1), "a subpoena may order the witness to produce any books, papers, data or other objects the subpoena designates." However, "[l]eave

---

[1] Defendant first filed an *ex parte* motion for subpoenas at Dkt. No. 368 and subsequently renewed his motion on two separate occasions. (*See* Dkt. Nos. 607, 757.)

of court is required for a pretrial subpoena under Rule 17(c)(1) in criminal proceedings." *United States v. Estes*, 2015 WL 5177819, slip op. at 2 (D. Nev. 2015). A party seeking pretrial production must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Nixon*, 418 U.S. at 699–700. Furthermore, courts have consistently stated that Rule 17(c) "is not intended to provide a means of discovery in a criminal case." *United States v. George*, 883 F.2d 1407, 1418 (9th Cir. 1989). Rather, it offers a means "to expedite trial by providing a time and place before trial for the inspection of subpoenaed materials." *Nixon*, 418 U.S. at 689–99.

Here, Defendant seeks the production of documents and records belonging to two of his alleged victims.[2] (Dkt. No. 607) Defendant argues that the evidence sought is integral to his third-party culpability defense. (*Id*. at 6.) The Court is obligated under Rule 17 to examine whether the request complies with the *Nixon* factors. As to this issue, Defendant fails to support his assertion that the requested documents are relevant, admissible, and identified with sufficient specificity. *See United States v. Reed*, 726 F.2d 570, 570–76 (9th Cir. 1984). Rather, Defendant's request rests solely on speculation as to their materiality and relevance. Furthermore, Defendant's request for "all documents, lease agreements, emails, [and] writings between any Dimension Apartment Staff Member and Melissa Hutchins [and] Cesar Gonzalez Argandar for 2020. . ." is far too sweeping and inexact to satisfy the limiting principles under Rule 17. Indeed, Rule 17 is not intended as a general discovery device; its purpose is to obtain specific and relevant information for trial. *See United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).

---

[2] Defendant's first subpoena request is to the custodian of records of the former residency of the two alleged victims. Among other things, Defendant seeks documents, lease agreements, e-mails, security footage, and resumes. (*See* Dkt. No. 368 at 2.)

Notwithstanding Defendant's failure to satisfy *Nixon*, Defendant petitions the Court to entertain his application for a subpoena *duces tecum ex parte*. (Dkt. No. 607.) Some courts have construed Rule 17(c) as foreclosing the issuance of subpoena *duces tecum* upon an *ex parte* application. *See United States v. Peterson,* 196 F.R.D. 361, 361–62 (D. S.D. 2000) (Rule 17(c) motion may not be made *ex parte* if seeking production of documents prior to trial); *United States v. Finn,* 919 F. Supp. 1305, 1330 (D. Minn. 1995) (when Rule 17(c) is utilized for the disclosure of evidentiary materials in advance of trial, the application should be reviewable by the other parties to that proceeding.) Other courts have held that *ex parte* applications under Rule 17(c) may be appropriate in limited circumstances. *United States v. Daniels,* 95 F. Supp.2d 1160, 1162–63 (D. Kan. 2000) (court interprets Rule 17(c) as providing for an *ex parte* application for a subpoena *duces tecum* seeking pretrial production of documents to be issued to a third party; although *ex parte* proceedings are not favored, they may be necessary under certain circumstances, *e.g.*, where the source or the integrity of the evidence otherwise might be imperiled, or where trial strategy might be disclosed; necessity of *ex parte* application must be evaluated on a case by case basis.)

Since the Rule itself contemplates that the court "may" permit inspection by the parties of documents produced before trial, it follows from a plain reading of the Rule that this Court has discretion to grant or deny an adverse party the opportunity to inspect sealed documents. In other words, Rule 17(c), by its own terms, is permissive, providing that the court "may" order production of documents and "may" permit inspection by the adverse party. In *United States v. Urlacher,* 136 F.R.D. 550, 555–58 (W.D.N.Y. 1991), the Court addressed the impropriety of compelling an *ex parte* request, stating there "can be no "right" to *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties inspection prior to trial." *United States v. Urlacher*, 136 F.R.D. 550, 556 (W.D.N.Y. 1991). The Court's reasoning, adopted here, is consistent with leading treatises which have concluded that, "[i]f a [Rule 17(c) ] Motion is made it cannot be *ex parte*." 2 *Wright,*

*Federal Practice and Procedure: Criminal* § 274 at p. 46 of 1995 Pocket Part; *see also*, *United States v. Hart,* 826 F. Supp. 380, 381 (D. Colo. 1993) (Rule 17(c) negates any assumption that production should be on an *ex parte* basis).

While the Court understands Defendant's concern regarding his strategy, such a concern is misplaced. Rule 17(c) expressly contemplates the <u>shared</u> review of documents subpoenaed by other parties to the dispute.[3] Accordingly, Defendant's purported "right" to proceed *ex parte* is premised on a misunderstanding of the overarching purpose of Rule 17(c), which is to serve the ends of shared pre-trial discovery, not secrecy. Lastly, the Court notes that, in its view, the evidentiary documents do not, even inferentially, disclose Defendant's litigation strategy.

Having thoroughly considered the briefing and the relevant record, the Court DENIES Defendant's motion (Dkt. No. 607) and further INSTRUCTS the clerk to unseal the corresponding order.

DATED this 3rd day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] *See United States v. Urlacher*, 136 F.R.D. 550, 556 (W.D.N.Y. 1991) (Rule 17(c) refers to the "inspect[ion] by the parties and their attorneys," clearly suggesting, if not requiring, that the issuance of and compliance with subpoenas duces tecum be conducted upon notice to the parties, and not in secret.