THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUMIT GARG,

Defendant.

CASE NO. CR21-0045-JCC

ORDER

This matter comes before the Court on Defendant's motion *in limine* (Dkt. No. 605) seeking discovery, along with a renewal motion (Dkt. No. 763) making identical discovery requests.[1] Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion (Dkt. No. 605) for the reasons explained herein.

## I. BACKGROUND

Defendant's motion seeks the production of discovery, including (1) mirror images of the digital devices seized from Defendant; (2) mirror images of cellphones and email accounts belonging to two of Defendant's alleged victims; (3) an envelope recovered from

[1] In addition to making discovery requests, Defendant's motion (Dkt. No. 605) requests a Rule 104(a) hearing to decide whether attorney-client privilege applies to certain communications appearing on the privilege log. Defendant also asserts a slew of constitutional claims.

Defendant's mailbox; (4) contact information of the Government's witnesses; and (5) a "prosecutor's log." (Dkt. No. 605 at 2.) The Government opposes all but one of the requests, petitioning the Court to deny the remainder as duplicative or, alternatively, find that they fail on the merits. (Dkt. No. 775.)

## II. DISCUSSION

### A. Mirror Images of Defendant's Devices

The Government indicates it has already provided Defendant's computer forensic expert with mirror images of the digital devices it seized from Defendant and his residence. (Dkt. No. 775 at 3.) While the Government notes that it did not directly provide them to Defendant, the Court previously ruled that Defendant would have to rely on a computer expert to review mirror images. (*See* Dkt. No. 242.) And since Defendant has retained a forensic computer expert to review the images, (Dkt. No. 192), to which the Government has produced the images in question, Defendant's request is moot.

### B. Mirror Images of Third-Party Devices / E-mail Accounts

Defendant also seeks mirror images of the devices and e-mail accounts provided by Melissa Hutchins and Cesar Gonzalez to their privately retained computer forensic examiner, Allison Goodman, as well as the cellular telephone provided by Ms. Hutchins to the Seattle Police Department. (Dkt. No. 605.)

With respect to the information provided to computer forensic expert Allison Goodman, Defendant's request is wholly duplicative of previous motions filed with this Court. (*See* Dkt. Nos. 178, 220.) As it relates to those motions, Defendant's intial request for this information was withdrawn "after having reached [an] agreement with the government regarding the production of these materials." (*See* Dkt. No. 124.) Under the terms of that agreement, the Government obtained copies of images from Ms. Goodman of four devices and four e-mail accounts belonging to Ms. Hutchins and Mr. Gonzalez and subsequently reviewed those images to identify the agreed-upon logs for production into

discovery. (*See* Dkt. No. 403 at 7–10.) The Government argues, and the Court agrees, that Defendant's current motion requests the same material.[2] Accordingly, Defendant's motion (Dkt. No. 605) is DENIED as it relates to the information sought from Ms. Goodman.

With respect to the cellular telephone Ms. Hutchins provided to the Seattle Police Department, Defendant is not entitled to such production. The Government's discovery and disclosure obligations extend *only* to information and documents in its possession. *United States v. Brennerman*, 818 F. App'x 25, 29 (2d Cir. 2020) (summary order); *see United States v. Raniere*, 384 F. Supp. 3d 282, 325 (E.D.N.Y. 2019) ("*Brady* does not require the government to search for exculpatory material not within its possession or control." (citation omitted)).[3] Furthermore, because the images of the victims' digital devices and e-mails were in the custody of the Government on the basis of the explicit consent of the victims, the Government's limited mandate does not give it the authority to cull additional information for purposes of discovery.

Accordingly, Defendant's motion (Dkt. No. 605) is DENIED as it relates to the mirror images of cellphones and e-mail accounts belonging to Defendant's alleged victims.

**C. Inspection of a Seized Envelope**

Defendant next asks the Court to compel the Government to allow him to inspect an envelope seized from his mailbox. (Dkt. No. 605.) The Government does not oppose. (Dkt. No. 775.) As it has stated, if Defendant wishes to examine the envelope at issue, he

---

[2] Defendant appears to have copy and pasted the agreement reached between his former counsel, Mr. Camiel, and the Government into his motion. (Dkt. No. 605 at 1–2.)

[3] Relatedly, the Government has no obligation under *Brady* "to seek out. . . information like a 'private investigator and valet. . . gathering evidence and delivering it to opposing counsel.' " *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013) (quoting *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002)).

should indicate as much *to the Government* so that it can arrange for the evidence to be transported for Defendant's inspection. Accordingly, the Court finds the request moot.

**D. Government's Witness's Contact Information**

Defendant next petitions the Court for the contact information of the Government's witnesses. (Dkt. No. 605.) Defendant contends that disclosure of the identity and contact information for the Government's witnesses is necessary to his preparation of an adequate defense. (*Id*.) But a defendant is not entitled to a list of the names and addresses of the Government's witnesses prior to trial, though it is within the District Court's sound discretion to impose and enforce such an order. *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008); *United States v. Cannone*, 528 F.2d 296, 300 (2d Cir.1975) ("The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial.") Yet, "an abstract, conclusory claim" by a defendant that such disclosure is necessary is not sufficient. *Id*. at 302.

Here, Defendant fails to specify why the refusal to disclose the Government's witness list now will substantially hamper his preparation for trial. While disclosure is often desirable, intimidation of witnesses and subornation of perjury are not unknown. *United States v. Percevault*, 490 F.2d 126, 131 (2d Cir. 1974). This is particularly true in a situation such as the instant one, where Defendant is charged with cyberstalking. (Dkt. No. 1.) Accordingly, in those instances, the concealment of the identity of Government witnesses until shortly before trial is appropriate.

In *United States v. Richter* 488 F.2d 170, 173 (9th Cir. 1973), the Ninth Circuit stated that a motion for disclosure of the identity of government witnesses should only be considered "upon a showing of materiality to the preparation of (the defendant's) defense and that the request is reasonable, (Fed.R. Crim.P. 16(b)) and, second, that the government should be able to oppose such disclosure by moving for a protective order similar to that

provided for under Rule 16(e).” *Id*. at 175. Following this procedure will insure that there is an adequate basis for requesting such discovery. Defendant here has failed to satisfy either the materiality or the reasonableness prong. Accordingly, pursuant to its general discretion, this Court DENIES Defendant’s motion (Dkt. No. 605) to compel the Government’s witness list without prejudice.

**E. Request for a Hearing and “Prosecutor’s Log”**

Defendant also requests a Rule 104(c) hearing to determine whether attorney-client privilege applies to various communications between Ms. Hutchins and her attorney, Mr. Zigler. (Dkt. No. 605.) Defendant argues that some items listed on the privilege log are not, in fact, privileged. (*Id*.) As this Court previously noted, the Government has gone to great lengths to produce non-privileged information belonging to Defendant’s two alleged victims. (Dkt. No. 242.) The Government utilized a “filter agent” not otherwise associated with the underlying case to make tentative determinations as to whether evidence was privileged. Those determinations were then subject to review by Ms. Hutchins’ attorney, Mr. Zigler for privacy concerns. (*See generally* Dkt. No. 775.) Defendant fails to show that this process is now deficient or otherwise suspect. Plainly put, Defendant does not offer credible reasons for calling into question the propriety of the items listed on the privile log. Accordingly, Defendant’s motion (Dkt. No. 605) seeking a Rule 104(a) hearing is DENIED.

Defendant also requests a “prosecutor’s log” that he alleges AUSA Andrew C. Friedman maintains, ostensibly listing items produced and withheld from discovery in this matter. (Dkt. No. 605.) The Government rejects the notion and, without more from Defendant, the Court is not in a position to compel production of such a “prosecutor’s log.” Accordingly, Defendant’s motion (Dkt. No. 605) is DENIED as to this request.

**III. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant’s motion (Dkt. No. 605).

DATED this 8th day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE