THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      v.<br><br>SUMIT GARG,<br><br>                    Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion *in limine* seeking five evidentiary rulings. (Dkt. No. 766.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendant's motion (*Id*.) for the reasons explained herein.

I.  **BACKGROUND**

Defendant petitions the Court to exclude: (1) testimony by his former roommate, Melissa Hutchins, concerning prior acts of violence by Defendant; (2) references to Defendant's alleged mental disorder ("IED"); (3) supposedly "speculative" testimony from Lindsay Hefton, Kailey Kang, and Gary Ernsdorff; and (4) all social media and email evidence. (*See generally* Dkt. No. 766 at 3–15.) The Government opposes all of the requests arguing that they fail on the merits. (Dkt. No. 769.) The Court addresses Defendant's arguments in turn.

## II. DISCUSSION

### A. Melissa Hutchins's Testimony

Defendant first requests that Ms. Hutchins be prevented from testifying to statements he made about engaging in acts of violence. (Dkt. No. 766.) Defendant does not identify which statement(s) he seeks to suppress. (*See id.*) The Government opposes, arguing that such statements are admissible as evidence of Ms. Hutchins' reasonable fear of harm from Defendant. (Dkt. No. 769 at 3.) "To be relevant, evidence need only tend to prove the government's case, and evidence that *adds context* and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (emphasis added). In other words, relevant evidence is not confined to that which directly establishes an element of the crime. *Gonzalez*, 110 F.3d at 941. Here, statements made by Defendant to Ms. Hutchins concerning his previous acts of violence unequivocally adds important context to the Government's case. Such evidence would be relevant in showing Defendant's intent, his modus operandi in carrying out his stalking campaign, and the likely state of mind of his victim Ms. Hutchins. And while the Government indicates it does not seek to introduce evidence of underlying violent crimes, were the Government to attempt to do so, Defendant may lodge an objection which the Court will address at that time.

Accordingly, Defendant's motion (Dkt. No. 766) is DENIED as it relates to the suppression of Ms. Hutchins's testimony.

### B. References to Mental Health Disorders

Defendant next petitions the Court to exclude references to his mental health. (Dkt. No. 766.) Specifically, he seeks to prevent Ms. Hutchins from testifying to statements he made about having "intermittent explosive disorder" ("IED"). (*Id*. at 6–7.) The Government opposes, arguing that such statements are relevant to showing Ms. Hutchins' reasonable fear of harm posed by Defendant, as well as discerning Defendant's motives.

(Dkt. No. 769.) The Court agrees. That is, evidence of Defendant's disclosure of his condition has the probative value of showing that Defendant sought to place Ms. Hutchins under a great deal of trepidation.

As to Defendant's concern regarding prejudicial impact, while such testimony may be prejudicial, this is not the relevant legal standard. Evidence need only be excluded if it is (1) *unfairly* prejudicial and (2) such prejudice *substantially outweighs* its probative value. Fed. R. Evid. 403. On the facts of the case, the Court deems evidence of statements made by Defendant regarding his mental health not *unfairly* prejudicial. Nor would any prejudice *substantially* outweigh its probative value. To the extent the Government seeks to establish that Defendant actually has this medical condition, Defendant may lodge an objection at trial. Until that time, however, the Court will not rule in the abstract.

Accordingly, Defendant's motion (Dkt. No. 766) is DENIED as it relates to the suppression of statements made to Ms. Hutchins concerning Defendants "IED".

C.   **"Speculative" Testimony**

Defendant next asks the Court to exclude all "speculative" testimony. (Dkt. No. 766 at 9–12.) Specifically, he requests that it exclude: (1) Lindsay Hefton's testimony concerning her belief that Defendant wished for her to commit the stalking crimes;[1] and (2) Detective Kailey Kang's testimony that Defendant filed a police report after Ms. Hutchins first filed her police report. (*Id.*) With respect to Defendant's first request, Ms. Hefton's testimony regarding her state of mind as she was committing a crime is testimony based on her personal knowledge and perception. *See* Fed. R. Evid. 701. Accordingly, such testimony would not be based on theoretical speculation and is therefore admissible. Defendant can challenge Ms. Hefton's testimony on cross

---

[1] Prior to co-operating with the Government and while Defendant was in jail, Ms. Hefton sent harassing emails to victims in an attempt to conceal Defendant's role in the stalking campaign. (*See generally* Dkt. No. 769 at 2.)

examination, but the Court will not preclude it *en toto*. Similarly, because Mr. Kang's testimony is a statement of fact based on personal knowledge as opposed to speculation, it too is admissible. *See* Fed. R. Evid. 701.

Accordingly, Defendant's motion (Dkt. No. 766) is DENIED with respect to the testimony of Ms. Hefton and Detective Kang consistent with the reasoning above.

### D. Leading Questions

Defendant next requests that he be permitted to ask leading questions during direct examination of "investigative agents, informants, cooperating witness[es], [and] government experts." (Dkt. No. 766 at 10.) The Court expects that, by their very nature, these witnesses will be called on by the Government. If so, Defendant would be *cross*-examining these witnesses and would thus be entitled to ask leading questions. To the extent Defendat seeks a blanket approval to lead witnesses on direct examination, the Court denies his request. Under Federal Rule of Evidence 611, "leading questions should not be used on direct examination except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c). The Advisory Committee Note to Rule 611(c) explains that "[t]he rule continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable." Fed. R. Evid. 611(c) advisory committee's note to 1972 amendment. While Defendant's sweeping request is denied, the Court will nonetheless consider future pleas by Defendant to ask leading questions on a witness-by-witness basis.

Accordingly, the Court DENIES Defendant's motion (Dkt. No. 766) for a blanket approval to lead witnesses on direct examination.

### E. Social Media

Defendant also requests that all social media posts be suppressed because they were not "directed to any particular recipient" or otherwise sent by him.[2] (Dkt. No. 766 at 9–10.) The Court understands Defendant's argument to be that because the conduct at issue did not involve a direct communication between Defendant and an end-user, the social media evidence lacks any relevance. (*Id*.) Defendant's view would in effect immunize would-be harassers from legal sanction were they to indirectly, as opposed to directly, harass their victims. The Federal Rules of Evidence make no such distinction. Instead, Rule 401 requires that the proffered evidence have a *tendency* to prove a fact in issue. Here, the use of fake Instagram and LinkedIn accounts under the identities of Defendant's alleged victims to send harassing emails has at least *some* tendency to make the Government's theory of the case—that Defendant carried out the stalking campaign. Rule 401 requires no more. But in any event, the social media evidence here would be admissible as evidence that adds context to the Government's case. *Gonzalez*, 110 F.3d at 941 (2d Cir. 1997).

Accordingly, Defendant's motion (Dkt. No. 766) seeking to bar social media evidence is DENIED.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion (Dkt. No. 766).

DATED this 31st day of January 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Defendant seeks to exclude emails sent by him, but forwarded to the victim on a different account, on the grounds that the forwarding was someone else's action. (Dkt. No. 766 at 9–10.)