THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMIT GARG,<br><br>　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel (Dkt. No. 786). For the reasons stated herein, the motion is GRANTED in part and DENIED in part.

**A.     Unmonitored Calls to Computer Expert**

This Court previously ruled on Defendant's request to make unmonitored phone calls to potential witnesses. (*See generally* Dkt. No. 192.) There, the Court weighed Defendant's right to access witnesses against the legitimate security needs and resource constraints of the prison. (*Id*. at 4.) Ultimately, the Court instructed the Bureau of Prisons ("BOP") to implement a system whereby Defendant would identify to BOP the calls he intended to make to potential witnesses.[1] (*Id*.) Defendant now alleges that the Government is in violation of that Order. (Dkt. No. 786.) In support, Defendant cites to various e-mail exchanges between his standby counsel, paralegal, and

---

[1] That system requires Defendant to e-mail a "Unit manager" to schedule a call with his potential witnesses.

ORDER
CR21-0045-JCC
PAGE - 1

the Government. (*See* Dkt. No. 786-3.) Those e-mails suggest that Defendant has had a great deal of difficulty communicating with his computer expert. (*Id*. at 11.)

It is axiomatic that under our federal Constitution access to witnesses is fundamental, a deprivation of which prevents a defendant from meaningfully exercising his right to represent himself. *See, e.g.*, *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995). Accordingly, the Court hereby ORDERS the BOP to add Defendant's court-appointed computer expert, Gus Dimitrelos, to the list of people with whom Defendant may speak on the "legal phone" line within 7 days of this order. The Court further ORDERS the Government to ensure BOP compliance and to inform Defendant's standby counsel, Nicholas Vitek, once this has been completed.

### B.    Videoconference Calls with Computer Expert

Defendant also requests that he be permitted to make two-hour videoconference calls to his court-appointed computer expert twice a month. (Dkt. No. 786.) The Government opposes, arguing that this would require Defendant to be transported to the Special Housing Unit, thereby creating a security risk. (Dkt. No. 792.) Trial is scheduled for March 11, 2024. (Dkt. No. 794.) As such, Defendant's request would amount to <u>one</u> videoconference call prior to trial. Despite the Government's assertion otherwise, Defendant's request is reasonable.

Accordingly, the Court hereby ORDERS the BOP to permit Defendant to conduct a two-hour videoconference call with his court-appointed computer expert. It further ORDERS the Government to ensure BOP compliance and to promptly inform Defendant's standby counsel once this has been completed.

### D.    Sanctions

Finally, the Court finds that Defendant's motion does not set forth allegations warranting sanctions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.2001) (stating that district courts have broad discretion to issue sanctions.)

Accordingly, Defendant's motion (Dkt. No. 786) is DENIED as to this issue.

DATED this 15th day of February 2024.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE