THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>SUMIT GARG,<br><br>   Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel the production of Jencks Act[1] materials. (Dkt. No. 795.) Defendant was indicted on cyber stalking charges. (Dkt. No. 117.) Trial is currently set for March 11, 2024. (Dkt. No. 794.)

On December 4, 2023, the Government provided Defendant with updated discovery, tagged as Batch 19, contained on the Eclipse database. (Dkt. No. 796-1 at 1.) Defendant argues the Government's production is deficient as it omits an expert report by Chris Hansen.[2] (Dkt. No. 795.) In support, Defendant cites to an e-mail exchange in which the Government indicated it would produce Mr. Hansen's report in the "near future." (Dkt. No. 795-2 at 2.) Despite a lapse of nearly five months, the Government has yet to produce Mr. Hansen's report.

---

[1] 18 U.S.C. § 3500.

[2] Mr. Hansen is the Government's expert witness seeking to testify to Defendant's use of google services in carrying out his alleged stalking campaign. (*See generally* Dkt. No. 591.)

ORDER
CR21-0045-JCC
PAGE - 1

And yet, the Court notes that the burden rests upon the defendant to invoke the Jencks Act at the *appropriate time*. *Ogden v. United States*, 303 F.2d 724, 733 (9th Cir. 1962) (emphasis added). And "[t]he 'appropriate time' to request Jencks Act material is *during trial* after the witness has testified on direct examination." *United States v. Allred*, 876 F.2d 897 (9th Cir. 1989) (citing *United States v. Bernard*, 623 F.2d 551, 556 (9th Cir. 1979)) (emphasis in original); *see* 18 U.S.C. § 3500(b).

Accordingly, Defendant's motion (Dkt. No. 795) is DENIED.

DATED this 15th day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE