THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SUMIT GARG,<br><br>  Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's unopposed motion *in limine*. (Dkt. No. 802.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Defendant's motion for the reasons explained herein.

Defendant seeks to introduce evidence of the burglary of the office of Noah Weil and the attempted burglary of the office of Lauren Wegener, two attorneys who formerly represented him.[1] (Dkt. No. 802.) He argues the evidence is central to his theory of the case, namely that he is being framed. (*Id.*) Defendant's reasoning proceeds in three-parts: (1) that he could not have committed the burglaries because he was under home confinement and electronic monitoring at the time; (2) that he had no motive to harass and

---

[1] Mr. Weil and Ms. Wegener represented Defendant and his ex-wife Lindsay Hefton during civil litigation in King County Superior Court. (*See* Dkt. No. 21.) In addition to being the targets of burglaries, both attorneys received harassing and threatening emails during the course of their representation. (*Id.*)

burglarize his lawyers while simultaneously availing himself of their services; and (3) that an inference of third-party culpability logically follows from those facts. (*Id.*) In other words, Defendant asserts that his ostensible innocence of the burglaries coupled with his lack of motive is a basis to impute third-party culpability of the cyberstalking crimes. (*Id.*)

The Ninth Circuit has held that "[f]undamental standards of relevancy. . . require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged." *United States v. Crosby*, 75 F.3d 1343, 1347 (9th Cir. 1996). If the evidence that someone else committed the crime "is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt." *Id.* at 1349 (quoting 1A John Henry Wigmore, *Evidence in Trials at Common Law* § 139 (Tillers rev. ed. 1983)).

Ordinarily, evidence of attenuated criminal acts are too remote for admissibility. But here, this evidence has unique relevance to the central defense theory—that Defendant is being framed. Consequently, it is the province of the jury to consider the evidence and determine whether it presents a legitimate alternative theory to the Government's case.

For the foregoing reasons, the Court GRANTS Defendant's motion (Dkt. No. 802).

DATED this 20th day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE