THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's renewed motion to suppress (Dkt. No. 512) and his motion to conduct inquiry and reopen the pretrial motions deadline (Dkt. No. 515). While represented by prior counsel, Defendant moved to suppress all direct and indirect electronic and physical evidence obtained after his arrest by the Seattle Police Department ("SPD") on November 1, 2020. (*See* Dkt. No. 128.) The Court denied that motion, finding that the at-issue warrants were valid. (Dkt. No. 153.) Defendant, now proceeding *pro se*, moves to suppress that same evidence, arguing he had standing to object to the SPD searches. (Dkt. No. 512.) And in a separate but related motion, Defendant argues he has good cause to file a renewed motion to suppress because his prior counsel, Peter Camiel, performed ineffectively.[1] (*See* Dkt.

---

[1] Defendant's argument is that his prior counsel, Peter Camiel, provided ineffective assistance when he failed to argue standing in connection with the motion to suppress, which Defendant reasons is now a basis for establishing good cause to file a renewed motion. (Dkt. No. 515.)

No. 515 at 9–12.) This, according to Defendant, is because Mr. Camiel failed to argue that Defendant had standing to object to the SPD searches. (*Id.*)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective assistance of counsel under a two-prong test. *Id.* Under that test, a defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different (*i.e.*, a showing of "actual prejudice"). *Id.* at 687–94. When considering the first prong of the *Strickland* test, there is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id.*

Here, Defendant argues Mr. Camiel was ineffective in failing to argue, in the initial motion to suppress (Dkt. No. 128), that Defendant had standing to object to the searches. (Dkt. No. 515 at 4–6.) However, the Court denied Defendant's initial motion because it deemed the warrants at-issue valid. (*See* Dkt. No. 153.) In other words, the Court had independent and adequate grounds for ruling in the manner it did. Thus, even if Mr. Camiel's performance fell below an objective standard of reasonableness, Defendant fails to show that, had Mr. Camiel raised the standing argument, the Court's ruling would have been different. *See Strickland*, 466.

Accordingly, Defendant's motions (Dkt. No. 512, 515) are DENIED.

DATED this 29th day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE