THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>SUMIT GARG,<br><br>            Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's renewed motion to compel (Dkt. No. 810).[1] (S*ee* Dkt. No. 654) For the reasons described herein, the Court DENIES Defendant's request to reinstate his original plea offer and DENIES the underlying motions (Dkt. Nos. 654, 810).

Defendant's initial motion argued that his then-existing counsel, Peter Camiel, was ineffective in advising him during plea discussions, thereby requiring the reinstatement of his plea offer. (*See* Dkt. No. 654 at 1–4.) The Government opposed (Dkt. No. 693), asking the Court to order Mr. Camiel to participate in a Government interview so that it could file supplemental briefing on the ineffective assistance of counsel claim. (*Id*. at 24.) The Court ultimately ruled that

---

[1] Defendant's motion seeks to compel both prior defense counsel, Peter Camiel, and the Government to provide "all written communications, notes, draft declarations, and other documents pertaining to [Mr. Garg's] *Lafler* motion," and to order Mr. Camiel to submit to a defense interview. (Dkt. No. 810 at 1–3.)

ORDER
CR21-0045-JCC
PAGE - 1

Defendant had waived his attorney-client privilege and ordered Mr. Camiel to produce relevant documents and to participate in a Government interview. (Dkt. No. 742 at 6.) The Court also allowed the Government to file a supplemental opposition to Defendant's motion, following that interview. (*Id*. at 4–6.) The Government now submits its supplemental opposition (Dkt. No. 817) to address Defendant's ineffective assistance claim and his concomitant request for the reinstatement of his plea bargain.

According to the Government, when it made its original plea offer on April 7, 2022, it proposed the Defendant plea to a single count, with a statutory five-year maximum custodial sentence. (*See* Dkt. No. 693-2 at 2.) Shortly thereafter, Defendant's then-attorney, Mr. Camiel, informed the Government of a counterproposal in which Defendant would plead guilty to two counts of telephone harassment for a total recommended sentence of imprisonment of four years. (*Id*. at 4.) The Government ultimately accepted the counterproposal and, on July 15, 2022, sent Mr. Camiel a plea agreement consistent with those terms. (*Id*. at 6.) Yet, after reviewing the proposal, Defendant sought to make alterations. (*Id.* at 8.) The Government issued a revised plea agreement that Defendant again rejected. (*Id.* at 12.) In response, the Government conferred with co-counsel. (*Id.*) During the process of conferring with co-counsel, the Government discovered an error in its sentencing range calculation.[2]

The next day, on August 2, 2022, AUSA Friedman spoke with Mr. Camiel where he noted the fact that Defendant's sentencing range was higher than originally calculated. (*Id.* at 9.) Following their conversation, AUSA Friedman sent Mr. Camiel a further-revised plea agreement to reflect Defendant's correct sentencing range. (*Id*. at 21.) AUSA Friedman noted that, following trial, the Government would seek a guideline sentence between 87 and 108 months.

---

[2] The Government's initial calculation of Defendant's sentencing range failed to include a two-level upward adjustment which would increase Defendant's offense level to 29 and his sentencing range to 87–108 months. (*See* Dkt. No. 693-1 at 6.) The Government overlooked both the leadership and official-victim adjustments. (*Id.*) The conduct alleged, if proven, certainly should result in at least a two-point adjustment for leadership under Section 3B1.1 of the Sentencing Guidelines and official-victim enhancement under Section 3A1.1.

(*Id.*) AUSA Friedman further communicated to defense counsel that the Government was nevertheless willing to accept a plea to its original offer of one count with a five-year statutory maximum. (*Id.*) Defendant rejected the Government's proposal and through his counsel stated he would be getting ready for trial. (*See id.* at 48.) Relevant here, Mr. Camiel advised Defendant that if he did not accept the plea and instead went to trial, his sentencing guidelines would be at a much higher range of 210-262 months. (*See* Dkt. No. 819-1 at 4–5.) Mr. Camiel sent Defendant a letter stating this exact opinion. (*See* Dkt. No. 819-2 at 6.) On October 13, 2022, on the request of Defendant, Mr. Camiel moved to withdraw as counsel and was permitted to do so. (Dkt. No. 159.)

Defendant now alleges ineffective assistance due to Mr. Camiel's alleged failure to advise him of his Sentencing Guidelines range, were he to be convicted. (*See generally* Dkt. Nos. 654, 810.) As such, he seeks to compel information concerning Mr. Camiel's interview with the Government and to compel his own interview with Mr. Camiel. (See generally Dkt. No. 810.) To establish ineffective assistance of counsel, a defendant must show that counsel's performance was *deficient*, and that the deficiency *prejudiced* the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be deficient, counsel's actions must be objectively unreasonable. *Id*. Courts indulge in a strong presumption that conduct "falls within the wide range of reasonable professional assistance." *Id*. To be prejudicial, a reasonable probability must exist that, but for counsel's conduct, the result of the trial would have been different. *Id.* If either prong is not met, we must dismiss the claim. *See e.g., United States v. Sanchez-Cervantes,* 282 F.3d 664, 671–72 (9th Cir. 2002).

Here, in light of the record as recounted, there is no reasonable probability that any additional advice Mr. Camiel might have given Defendant about his sentencing exposure would have led him to accept the Government's plea proposals. Rather, it is abundantly clear to the Court that Mr. Camiel advised Defendant of the likelihood of a higher sentencing range were he to reject the Government's plea and proceed to trial. (*See* Dkt. No. 819-1 at 4–5.) Mr. Camiel's letter

1 | could not be clearer in articulating this exact opinion. (*See* Dkt. No. 819-2 at 6.) Yet, Defendant
2 | consciously chose to ignore his advice. (*Id*. at 4.) As such, Defendant's request to compel
3 | information pertaining to the Government's interview of Mr. Camiel or to otherwise mandate an
4 | interview is unforthcoming.
5 |     For these reasons, Defendant's renewed motion to compel (Dkt. No. 810) is DENIED;
6 | the Clerk is DIRECTED to terminate Dkt. No. 818 and maintain Dkt. No. 819 under seal.

8 | DATED this 1st day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE