THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SUMIT GARG, <br><br> Defendant. | CASE NO. CR21-0045-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 814) of this Court's order denying his request to suppress testimony (Dkt. No. 798). Having thoroughly considered the relevant record, the Court hereby DENIES Defendant's motion for the reasons explained herein.

Under the Local Criminal Rules, "[m]otions for reconsideration are disfavored." CrR12(b)(13)(A). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

In the instant case, Defendant argues the Court committed manifest error in four ways.

First, Defendant argues the Court erred in ruling that the alleged victim, Melissa Hutchins, could testify to statements Defendant made about engaging in acts of violence. (Dkt. No. 814 at 5.) He argues that such statements constitute impermissible character evidence under Federal Rule of Evidence 404(b). (*Id.*) However, as the Government correctly noted in its earlier filing, such statements are admissible as evidence of Ms. Hutchins' reasonable fear of harm from Defendant. (Dkt. No. 769 at 3.) It is well established that "evidence of uncharged criminal activity is not considered 'other crimes' evidence under Fed. R. Evid. 404(b) if it 'arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is *necessary to complete the story* of the crime [on] trial.'" *United States v. Towne*, 870 F.2d 880, 886 (2d Cir.1989) (quoting *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir.1983)). "To be relevant, evidence need only tend to prove the government's case, and evidence that *adds context* and dimension to the government's proof of the charges can have that tendency." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (emphasis added). Here, Defendant's alleged statements to Ms. Hutchins concerning previous acts of violence unequivocally adds important context to the Government's case. And as the court previously ruled, Defendant will be able to lodge objections as he deems appropriate at trial.

Second, Defendant argues the Court committed manifest error in not disqualifying Ms. Hutchins from testifying to statements he made about his mental health. (*See* Dkt. No. 766 at 5–8.) Defendant argues Ms. Hutchins should "not be allowed to expound on the meaning" of "IED" ("intermittent explosive disorder"). *Id*. Doing so, he argues, would run afoul of Rule 701(a)'s personal knowledge requirement. FRE 701(a). However, according to the Government, it will elicit Ms. Hutchins' testimony to show her reasonable fear of harm posed by Defendant, not his underlying mental health diagnosis. (*See generally* Dkt. No. 769.) Thus, personal knowledge is immaterial. And evidence of Defendant's disclosure of his condition has the probative value of showing that Defendant sought to, or did, in fact, place Ms. Hutchins under a great deal of

1  trepidation. With regards to Defendant's argument that such evidence is barred under Rule 403, the Court cannot agree. Evidence need only be excluded if it is (1) *unfairly* prejudicial and (2) such prejudice *substantially* outweighs its probative value. Fed. R. Evid. 403. And on the facts, statements made by Defendant regarding his mental health are highly probative and any prejudice would neither be substantial, let alone offset the materiality of the testimony.

Third, Defendant argues that the Court committed manifest error in allowing Lindsay Hefton's testimony concerning *her* belief that Defendant wished for her to commit stalking crimes. Defendant argues that such testimony is speculative. (Dkt. No. 814 at 8.) Contrary to his suggestion, however, Ms. Hefton's testimony regarding her state of mind as she was committing a crime is testimony based on her personal knowledge and perception, rather than speculation. *See* Fed. R. Evid. 701. The Court thus rejects Defendant's argument.

Fourth, and finally, Defendant urges the Court to reconsider its decision permitting the introduction of social media evidence. (*See* Dkt. No. 814.) The Court will not do so. Rule 401 requires that the proffered evidence have a *tendency* to prove a fact in issue. Here, the use of fake Instagram and LinkedIn accounts under the identities of Defendant's alleged victims to send harassing e-mails has at least some tendency to prove the Government's theory of the case—that Defendant carried out the stalking campaign. Rule 401 requires no more.

Accordingly, Defendant's motion for reconsideration (Dkt. No. 814) is DENIED.

DATED this 6th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE