THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on the Government's motion to authenticate business and electronic records.[1] (Dkt. No. 821.) The Government seeks to authenticate records solely for the purpose of avoiding testimony from document custodians.[2] (*Id.* at 8.) *See* Fed. R. Evid. 902. Defendant opposes. (Dkt. No. 837 at 1.) Having thoroughly considered the motion and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons stated herein.

The Government moves to authenticate records of Amazon, Google, Facebook,

---

[1] These records consist of e-mail accounts, subscriber records, login data, transactional data, and, for some categories, digital content. (*See* Dkt. No. 821 at 4–8.)

[2] The Government is not seeking a ruling as to the *admissibility* of the records at trial. The records at issue are still subject to challenge by Defendant. *See* Fed. R. Evid. 902, Advisory Committee Notes (2017) ("A certification under this Rule can establish only that the proffered item has satisfied the *admissibility* requirements for *authenticity*. The opponent remains free to object to admissibility of the proffered item on other grounds . . . .") (emphasis added).

ORDER
CR21-0045-JCC
PAGE - 1

Instagram, LinkedIn, and Lumen pursuant to Federal Rules of Evidence 902(11), 902(13), 902(14). (*See generally* Dkt. No. 821). The Government submits that the records meet the requirements for self-authentication and thus should be authenticated without the need for the Government to call a records custodian to testify at trial. (*Id.* at 8.)[3]

Federal Rules of Evidence 901 and 902 govern authentication of such records. For its part, Rule 901(a) requires a proponent of such evidence to produce proof "sufficient to support a finding that the item is what the proponent claims it is." Rule 902, however, creates an exception to the general rule governing authentication of evidence. Specifically, if evidence falls into an enumerated category, "no extrinsic evidence of authenticity [is required] in order [for that evidence] to be admitted." Fed. R. Evid. 902. Pertinent here are Rules 902(11),[4] (13),[5] and (14).[6] (*See generally* Dkt. No. 821 at 4–7.)

Under Rule 902(11), certified domestic records of a regularly conducted activity that satisfy Rule 803(6)(A)–(C) are self-authenticating. The relevant portion of Rule 803(6) requires:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]

(C) making the record was a regular practice of that activity[.]

Fed. R. Evid. 803(6)(A)-(C).

Rules 902(13) and 902(14) provide that "[a] record generated by a process or system that produces an accurate result . . ." and "[d]ata copied from an electronic device, storage medium,

---

[3] Separately, the Government avers that it will introduce evidence at trial attributing the digital accounts at issue to Defendant. (*Id.*)

[4] Certified Domestic Records of a Regularly Conducted Activity. *See also* 803(6) business records exception. Under Rule 902(11), then, certified business records are self-authenticating.

[5] Certified Records Generated by an Electronic Process or System.

[6] Certified Data Copied from an Electronic Device, Storage Medium, or File.

or file . . . ", respectively, that are "shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12) . . ." are self-authenticating. Fed. Rs. Evid. 902(13) & (14). Both subsections of Rule 902 also require the "proponent . . . meet the notice requirements of Rule 902(11)." *Id.* Those requirements mandate the "adverse party [be given] reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). The Government relies on varying sections of Rule 902 to support its theory of admissibility. The Court addresses them in turn.

1. Content-Based Requests

As an initial matter, the Court addresses the Government's request that social media *content* be self-authenticated under various provisions of Fed. R. Evid. 902. (*See generally* Dkt. No. 821.) Specifically, the Government argues that underlying content appearing on Google e-mail accounts, (*see id.* at 6), Facebook, (*see id.* at 7), LinkedIn, (*see id.* at 8), and Lumen, (*see id.*), fall under the sweep of Rule 902's self-authentication power such that no testimony is required to prove their existence on these platforms. (*See generally id.*) The viability of this position turns on whether social media *content*, as opposed to more traditional forms of business records, can properly be understood as records of a regularly conducted activity under Rule 803(6), such that they qualify for self-authentication under Rule 902(11).

The decision by the Third Circuit Court of Appeals about authentication of Facebook messages in *United States v. Browne*, 834 F.3d 403, 409–11 (3d Cir. 2016), is illustrative. The defendant in *Browne* appealed his conviction of child pornography on the basis that Facebook "chat logs," containing messages exchanged between an e-mail account and various minor victims, were not self-authenticating pursuant to Rule 902(11). *Browne*, 834 F.3d at 405–06. As the court explained, "Rule 803(6) is designed to capture records that are likely accurate and reliable in content, as demonstrated by the trustworthiness of the underlying sources of information and the process by which and purposes for which that information is recorded." *Id.*

at 410. Applying this principle, the court reasoned that "Facebook does not purport to verify or rely on the substantive contents of the communications in the course of its business. At most, the records custodian employed by the social media platform can attest to the accuracy of only certain aspects of the communications exchanged over that platform, that is, confirmation that the depicted communications took place between certain Facebook accounts, on particular dates, or at particular times." *Id.* Consequently, the Court of Appeals held that, "considered in their entirety, the Facebook records [messages] are not business records under Rule 803(6) and thus cannot be authenticated by way of Rule 902(11)." *Id.*

*Browne's* core reasoning that social media *content* are not properly understood to be business records under Rule 803(6) applies with equal force to the Amazon, Google, Facebook, Instagram, LinkedIn, and Lumen content-based records here. Here, as there, the relevance of the underlying records' content turns on their authorship—not on their existence on a particular platform. And where the Government has failed to introduce enough evidence such that a jury could reasonably find, by a preponderance of the evidence, that Defendant is the source of the content, self-authentication prior to trial becomes improper. *United States v. Browne*, 834 F.3d 403, 410 (3d Cir. 2016) ("the Government was therefore required to introduce enough evidence such that the jury could reasonably find, by a preponderance of the evidence, that Browne and the victims authored the Facebook messages at issue.")

The Government has submitted custodial certifications by each of these private entities. (*See* Dkt. No. 852-1–852-66.) The records custodians, however, only attest that communications took place implicating an account or accounts alleged by the Government to belong to Defendant. But the custodians do not purport to verify the real-world authorship of these accounts.[7] At best, and understandably, a records custodian employed by a social media

---

[7] The custodians are not self-understood as authenticating authorship. Amazon's custodian characterizes the records offered as "transactions, communications, and events . . .", (Dkt. No. 852-1); Facebook's custodian stipulates that the records are "for the *account* with identifier . . ."

company can attest to the existence of communications taking place between accounts, "on particular dates, or at particular times." *Browne* at 410. But authorship of accounts, and thus authorship of content, is not a fact that is verified within the "regular course of business" by a records custodian. Fed. R. Evid. 803(6)(A)-(C). Thus, the Government cannot authenticate the *content* of these accounts relying solely on certifications from the records custodians of those companies. But where a proper foundation is laid, social media content has generally been authenticated under the traditional pathway offered by Rule 901.[8] *See United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015) (finding that the government laid a sufficient foundation to support the admission of the defendant's Facebook messages under Rule 901 where a witness testified that she recognized his Facebook account as well as his style of communicating); *United States v. Hassan*, 742 F.3d 104 (4th Cir. 2014) (finding that the Government properly linked the Facebook pages at issue to the defendants by using internet protocol addresses to trace the Facebook pages).

Accordingly, the Government's motion (Dkt. No. 821) is DENIED as to all content-based requests consistent with the Court's reasoning herein.

### 2. Amazon Records

The Government also seeks to introduce records provided under a certification under Rule 902(11) relating to e-mail accounts (rather than the content of those accounts) on the Amazon server. (Dkt. No. 821 at 4.) As before, the viability of the Government's request turns on whether Amazon e-mail accounts are the sort of records that are properly understood as records of a regularly conducted activity under Rule 803(6), such that they qualify for self-

---

and that the records were transmitted by a "Facebook *user*," without purporting to know who that user is, (Dkt. No. 852-2 at 2); LinkedIn's custodian similarly omits any reference to certifying authorship, instead describing the records as consisting of "comments, connections, e-mail addresses . . .", (Dkt. No. 852-5 at 2).

[8] This is presumably where the "IP Address Logs" and "Transactional Information" that the Government seeks to self-authenticate now (Dkt. No. 852-2) will come in use. (*See, e.g.*, *id.* at 2.)

authentication under Rule 902(11). The Court finds that it does.

First, the certification document provided indicates that the business records were: (1) declared by a custodian or other qualified person; (2) were made at or near the time of the occurrence; (3) were kept in the course of the regularly conducted activity; and (4) were kept as a regular practice of the regularly conducted business activity. (*See* Dkt. No. 852-1 at 2.) Lastly, there is no indication that proper notice of the records was not provided to Defendant. (*See* Dkt. No. 821-1.)

Accordingly, the Government's motion (Dkt. No. 821) is GRANTED as to all non-content based requests for Amazon records but DENIED as to content based requests.

### 3. Google Records

The Government also seeks to introduce records provided under a certification under Rule 902(11) and 902(13) relating to subscriber records, login data, transactional data, and content, including e-mail accounts on Google. (Dkt. No. 821 at 4–7.) As noted, social media content does not constitute business records under Rule 803(6) and thus cannot be authenticated by way of Rule 902(11). Here, however, the Government also requests that non-content materials be self-authenticated. (*See* Dkt. No. 821.) Resolution of this issue thus turns on whether these records consistute records of a regularly conducted activity under Rule 902(11) or records generated by an electronic process under Rule 902(13) that satisfy Rule 803(6)(A)–(C) such that they are self-authenticating. The Court finds that it does.

First, the certification document provided indicates that the business records were declared by several custodians; (2) were made at the time of the occurrence; (3) were kept in the course of the regularly conducted activity; and (4) were kept as a regular practice of the regularly conducted business activity. (*See* Dkt. No. 852-2 at 4.) Crucially, the materials here include such things as "subscriber records, login data, transactional data," which are more closely analogous to the sort of records contemplated by Rule 902(11) and 902(13). Indeed, the records here are often made automatically at the time it is transmitted by the user, and this data is kept in the

ORDER
CR21-0045-JCC
PAGE - 6

1  course of the companie's regularly conducted activity as a regular practice.

2        Accordingly, the Government satisfied the authentication requirements under Rules 803(6)(A)–(C), 902(11), and 902(13) and the Court GRANTS the motion (Dkt. No. 821) as it relates to the non-content records on Google.

          4. <u>Facebook Records</u>

      The Government also seeks to introduce records provided under a certification under Rule 902(11) and 902(13) relating to subscriber records, login data, transactional data, and content on Facebook accounts. (Dkt. No. 821 at 7.) Resolution of this issue thus turns on whether these records consistute records of a regularly conducted activity under Rule 902(11) or records generated by an electronic process under Rule 902(13) that satisfy Fed. R. Evid. 803(6)(A)-(C) such that they are self-authenticating. The Court finds that it does.

      First, the certification document provided indicates that the business records were: (1) declared by a custodian or other qualified person; (2) were made at or near the time of the occurrence; (3) were kept in the course of the regularly conducted activity; and (4) were kept as a regular practice of the regularly conducted business activity. (*See* Dkt. No. 852-2 at 3–5.) Lastly, the Government satisfied its notice requirements with a reasonable written notice of their intent to authenticate these records under Rule 902. (*See* Dkt. No. 821-1.)

      Accordingly, the Government's motion (Dkt. No. 821) is GRANTED as to all non-content based requests for Facebook records.

          5. <u>Instagram Records</u>

      The Government next seeks to introduce records provided under a certification under Rule 902(11) and 902(13) relating to subscriber records, login data, transactional data, and content on Facebook accounts. (Dkt. No. 821 at 7.) Resolution of this issue similarly turns on whether these records consistute records of a regularly conducted activity under Rule 902(11) or records generated by an electronic process under Rule 902(13) that satisfy Rule 803(6)(A)-(C) such that they are self-authenticating.

ORDER
CR21-0045-JCC
PAGE - 7

The Government provided an affidavit from a Facebook records custodian, dated March 22, 2021. (Dkt. No. 842-4 at 2.) In accordance with the authentication requirements Rule 803(6)(A)–(C), 902(11), and 902(13) the custodian certified that: (a) The records provided are an exact copy of the records that were made and kept by the automated systems of Facebook in the course of regularly conducted activity as a regular practice of Facebook; (b) the records were saved in electronic format after searching Facebook's automated systems in accordance with the above-specified legal process; and (c) the records were made at or near the time the information was transmitted by the Facebook user. (*See* Dkt. No. 852-4 at 2.) This certification by the custodian of records qualifies the records at issue to self-authentication under the business records exception. Rule 803(6)(A)–(C).

Accordingly, the Government's motion (Dkt. No. 821) is GRANTED as to all non-content based requests for Instagram records.

### 6. LinkedIn Records

The Government also seeks to introduce records provided under a certification under Rule 902(11) relating to subscriber records, login data, transactional data, and content pertaining to LinkedIn accounts. (Dkt. No. 821 at 8.) The Court is satisfied that the certification offered by the Government (Dkt. No. 852-5) qualifies the records for self-authentication under Rules 902(11) and 803(6)(A)–(C).

Accordingly, the Government's motion (Dkt. No. 821) is GRANTED as to all non-content based requests for LinkedIn records.

### 7. Lumen Records

Lastly, the Government seeks to introduce records provided under a certification under Rule 902(11) relating to subscriber records, login data, transactional data, and content of Lumen accounts. (Dkt. No. 821 at 8.) Notwithstanding the request for content, such records can properly be understood as records of a regularly conducted activity under Rule 803(6), such that they qualify for self-authentication under Rule 902(11). The Government provided an affidavit from a

member of Lumen's Law Enforcement Support Team, (Dkt. No. 852-6 at 2), that squarely satisfies the business records exception. *See* Fed. R. Evid. 803(6)(A)–(C).

Accordingly, the Government's motion (Dkt. No. 821) is GRANTED as to all non-content based requests for Lumen records.

As describe above, the Government's motion regarding self-authentication (Dkt. No. 821) is GRANTED in part and DENIED in part, consistent with the reasoning herein.

Dated this 11th day of March 2024

John C. Coughenour
UNITED STATES DISTRICT JUDGE