THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SUMIT GARG,<br><br>                Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 829) of this Court's order denying various evidentiary requests (Dkt. No. 793). Having thoroughly considered the relevant record, the Court hereby DENIES Defendant's motion for the reasons explained herein.

Under the Local Criminal Rules, "[m]otions for reconsideration are disfavored." CrR12(b)(13)(A). "The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Ma v. Univ. of S. California*, 2019 WL 1239269, slip op. at 1 (W.D. Wash. 2019).

Defendant argues the Court committed manifest error in three ways. (Dkt. No. 829 at 3–

9.)

First, he contends in a declaration that the Government has failed to produce materials from images of devices belonging to Melissa Hutchins and Cesar Gonzalez. (Dkt. No. 829-1 at 2.) He argues that this failure constitutes "government misconduct" compelling reconsideration. (Dkt. No. 829 at 10.) However, Defendant's initial request for this information was withdrawn "after having reached [an] agreement with the government regarding the production of these materials." (*See* Dkt. No. 124.) Under that agreement, the Government would obtain copies of images of four devices from Ms. Goodman and four e-mail accounts belonging to Ms. Hutchins and Mr. Gonzalez, and then review those images to identify the agreed-upon logs for production into discovery. (Dkt. No. 403 at 7–10.) The Government argues, and the Court agrees, that Defendant's current motion requests the same material. The Court additionally agrees that the Government has satisfied its obligations. Indeed, Defendant's basis for arguing that the Government has failed to do so is that the volume of materials is smaller than he believes it should be. (Dkt. No. 829 at 12–13.) But that is mere speculation.

Second, Defendant argues that the Court erred in ruling that he was not entitled to evidence located on the cellular telephone that Ms. Hutchins provided to the Seattle Police Department. (Dkt. No. 829 at 4.) However, two independent grounds of analysis militate against Defendant's request. First, the Government's disclosure obligations extend only to information and documents in its possession. *United States v. Raniere*, 384 F. Supp. 3d 282, 325 (E.D.N.Y. 2019) ("*Brady* does not require the government to search for exculpatory material not within its *possession or control*." (emphasis added). Second, because the images of the digital devices were once in the custody of the Government on the basis of a victim's explicit consent, the Government is not at liberty to cull additional information for purposes of producing discovery. Nor is this conceivably the Government's role—it "has no obligation under *Brady* 'to seek out . . . information like a 'private investigator and valet. . . gathering evidence and delivering it to opposing counsel.'". *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013)

1 | (quoting *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002)).

2 |     For the foregoing reasons, Defendant's motion (Dkt. No. 829) is DENIED.

4 |     DATED this 11th day of March 2024.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE