THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SUMIT GARG,<br><br>　　　　　　　Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel a polygraph (Dkt. No. 945). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

On March 22, 2024, Defendant was convicted of seven counts of cyberstalking. (*See* Dkt. No. 889.) Prior to trial, Defendant filed a motion claiming the Government had engaged in vindictive prosecution based on his decision to represent himself. (*See* Dkt. No. 654.) He further argued his previous attorney, Peter Camiel, was ineffective in advising him during plea discussions, thereby requiring the reinstatement of his plea offer. (*See id.* at 1–4.) The Government opposed and asked the Court to order Mr. Camiel to participate in a Government interview so that it could file supplemental briefing on the ineffective assistance of counsel claim. (*See* Dkt. No. 693 at 24.) The Court granted the Government's request (*see* Dkt. No. 742) and, based on the Government's briefing, denied Defendant's ineffective assistance of counsel

ORDER
CR21-0045-JCC
PAGE - 1

claim. (*See* Dkt. No. 835.) Defendant now asks that the Court compel the Government to take a polygraph of him regarding the facts underlying his motion to compel the Government's long-expired plea offer. (*See* Dkt. No. 945.) He claims this would show that his account of the plea negotiations, rather than Mr. Camiel's, is accurate, thereby leading the Court to grant Defendant's underlying motion (Dkt. No. 654).

As an initial matter, the Court notes that Defendant makes his request to support a motion which this Court has previously denied (*see id.*). It therefore interprets Defendant's motion as a motion for reconsideration. Under the Local Criminal Rules, "[m]otions for reconsideration are disfavored." CrR 12(b)(13)(A). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

Defendant has not met this standard. He cites no reason for the delay in his motion, nor any manifest error in the Court's prior ruling. (*See generally* Dkt. No. 945.) And even if Defendant's motion was not one for reconsideration, Defendant has provided no authority empowering this Court to compel a government polygraph, at his request, and nearly five months after the Court's denial of his underlying motion (Dkt. Nos. 654, 810).

For those reasons, Defendant's motion (Dkt. No. 945) is DENIED.

DATED this 8th day of July 2024.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE