THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>SUMIT GARG,<br><br>            Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Sumit Garg's motion for return of property (Dkt. No. 935). Upon consideration of the briefing and relevant record, the Court largely DENIES the motion as described herein.

In general, once criminal proceedings end, the Court must presume that the person from whom property is seized has a right to its return. *See United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). If the Government seeks to avoid this result, it bears the burden to prove a legitimate reason to retain the property. *Id.* Now that trial has ended in this matter, and Mr. Garg has been convicted, Mr. Garg seeks the return of certain electronics, arguing the Government cannot articulate a reasonable basis to retain this property. (*See* Dkt. No. 935 at 4.)

But there are several issues with Mr. Garg's request. They include (1) that he fails to establish much of the property is, in fact, his, and (2) there is significant authority for the proposition that, pending direct and collateral appeals of criminal convictions, the Government

ORDER
CR21-0045-JCC
PAGE - 1

has legitimate reasons to retain seized property due to the possibility of a retrial. *See, e.g., United States v. Saunders*, 957 F.2d 1488, 1495 (8th Cir. 2017); *Allen v. Grist Mill Capital LLC*, 88 F.4th 383, 397 (2d Cir. 2023). And here, Mr. Garg has indicated that he intends to pursue all appellate options. (*See, e.g.*, Dkt. No. 969.) For this reason, there exists legitimate reasons for the Government to retain electronic property seized during the investigation to the extent it has evidentiary value.[1]

Accordingly, Mr. Garg's motion for the return of property is DENIED except for items referenced by the Government in its response brief as (1) established to be Mr. Garg's and (2) of no evidentiary value. (*See* Dkt. No. 943 at 13.) For those items only, the Government is DIRECTED to coordinate their return with Mr. Garg and the case agent. The remainder need not be returned to Mr. Garg, at least at this time.

DATED this 16th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Government indicates it is willing to return property seized during the course of the investigation, *except* to the extent (a) it or evidence used from it was used at trial or (b) belongs to someone other than Mr. Garg. (*See* Dkt. No. 943 at 11–13.)