THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC |
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a) (Dkt. No. 968). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

I.  BACKGROUND

A jury convicted Defendant of seven counts of conspiracy and cyberstalking. (*See* Dkt. No. 889.) In its presentence investigation report ("PSR"), the U.S. Probation and Pretrial Services Office calculated Defendant's total offense level at 35 and criminal history category at I, resulting in an advisory guideline range of 168–210 months of imprisonment. (*See* Dkt. No. 948 at 16, 23.) Defendant lodged objections to the PSR prior to sentencing, asserting sentencing disparities with similarly situated defendants, and argued for a downward variance based on his prison conduct, mental health, likely deportation, and other factors. (*See generally* Dkt. No. 959.)

The Court adopted the PSR without change. (*See* Statement of Reasons at 1.) It then imposed a sentence of 108 months' imprisonment, which is well below the guideline range. (*See* Dkt. No. 973 at 3.) It did so, in part, because Defendant is likely to be deported after serving his custodial term. (*See* Statement of Reasons at 4.) It also noted that this sentence would avoid unwarranted sentencing disparities. (*Id.*)

Defendant now challenges this sentence pursuant to Federal Rule of Criminal Procedure 35(a), arguing that the Court made six errors when imposing the sentence. (*See generally* Dkt. No. 968.) Defendant argues that the Court should not have relied on Gary Ernsdorff's victim statement, did not clarify the legal standard, failed to make factual findings, erred in applying adjustments for official victims and leadership, did not consider a mental health downward variance, and/or failed to give credit for time-served. (*Id.*) In response, the Government notes that Defendant's motion is untimely. (*See* Dkt. No. 977 at 2.) And, regardless, the motion fails to establish errors supporting a Rule 35(a) sentence correction. (*See id.* at 2–4.)

II.   **DISCUSSION**

Federal Rule of Criminal Procedure 35(a) provides that a sentencing court "may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after the sentencing. Fed. R. Crim. P. 35(a). This provision is an exception to the general rule that a Court may not correct or modify a sentence of imprisonment once it has been imposed. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011) (citing 18 U.S.C. § 3582(c)). Rule 35(a) is intended to allow a district court to modify a sentence "only in very limited instances and not merely to 'reconsider' sentencing issues." *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) (addressing Rule 35(c), which was amended in 2002 and is now reflected in Rule 35(a)). For the reasons described below, the Court concludes that Rule 35(a) does not provide a basis for the relief Defendant now seeks.

First, the deadline for correcting a sentence under Rule 35(a) has passed. Under the plain language of Rule 35(a), the Court may only correct a sentence within 14 days of the date of

sentencing. *See Aguilar-Reyes*, 653 F.3d at 1055 (Rule 35's "fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days."). Here, that date was July 23, 2024, 14 days after the announcement of the sentence on July 9, 2024. (*See* Dkt. No. 964.) Therefore, the Court is unable to make a sentence correction under Rule 35.

Second, even if the Court did have jurisdiction, Defendant has not raised the type of "arithmetical, technical, or otherwise clear error" that Rule 35(a) is meant to correct. The rule does not present an opportunity to simply reconsider sentencing issues. *See Barragan-Mendoza*, 174 F.3d at 1028. None of the six supposed errors here represent arithmetical or technical errors with the sentence imposed. And there is nothing clear about the alleged errors, either. Defendant merely renews objections already considered,[1] argues based on conjecture,[2] and alleges omissions based on faulty premises.[3] Therefore, Defendant fails to identify an error that justifies a Rule 35(a) sentence correction.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to correct sentence (Dkt. No. 968) is DENIED.

//

---

[1] Defendant disputes the official victims and leadership adjustments, (*see* Dkt. No. 968 at 1), but these objections were already considered in the PSR, (Dkt. No. 948 at 29–29, 30–31), which was reviewed and adopted by the Court. (*See* Statement of Reasons at 1.)

[2] Defendant argues that Mr. Ernsdorff's victim statement is unreliable but does not show that the Court relied on this victim statement. (*See* Dkt. No. 968 at 1.) Defendant also argues that the Court did not specify the legal standard it used but does not show any legal authority for such a requirement nor that the court actually used an erroneous standard. (*Id.*)

[3] As to findings of fact, the Court did make factual findings by adopting the PSR without change. (*See* Statement of Reasons at 1.) As to the mental health variance, although the Court did not grant Defendant's downward variance on this ground, it did consider a downward variance and ultimately granted one based on other reasons. (*Id.* at 3–4.) Finally, as to time-served, the Court does not have authority to credit time-served at sentencing. *See United States v. Wilson*, 503 U.S. 329, 333–34 (1992). Rather, the Bureau of Prisons will do so by operation of law. *See id.* at 335 (citing 18 U.S.C. § 3585(b)).

DATED this 6th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE