THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR21-0045-JCC-1 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SUMIT GARG, | |
| Defendant. | |

This matter comes before the Court on Defendant's motions to restore email access and to obtain various forms and supplies (Dkt. Nos. 979, 981, 996). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motions for the reasons explained herein.

A jury convicted Defendant of seven counts of conspiracy and cyberstalking. (*See* Dkt. No. 889.) These convictions stemmed from harassment of multiple victims over email and other forms of electronic communications. (*See* Dkt. No. 117 at 4–12.) Defendant is now incarcerated at a Federal Detention Center. (*See* Dkt. No. 979 at 4.) After a review of his offenses, the Warden disapproved his access to TRULINCS, a computer system for inmates in federal prison. (Dkt. Nos. 983-1 at 2, 983-2 at 10.) Defendant alleges he was using this system to email standby counsel and others. (Dkt. No. 979 at 2.) Since losing access to TRULINCS, Defendant complains that he has difficulty making legal filings without certain supplies and forms. (Dkt. No. 981 at 1–

2.) These include four items: three service packets (for relief pursuant to 28 U.S.C. § 2241, 2255, and 42 U.S.C. § 1983) and the "[f]ull master docket" for the instant case. (Dkt. No. 996 at 1–2.)[1]

Defendant challenges these deprivations based on his right to access the courts and his *pro se* status. (*See, e.g.,* Dkt. No. 979 at 2.) The Government opposes the motion to restore email access on the grounds that access was denied for legitimate penological reasons. (Dkt. No. 983 at 3–5.) It also observes that Defendant is now represented by counsel in his appeal to the Ninth Circuit, leaving him *pro se* in only this Court.[2] (*See* Dkt. No. 992 at 3–5.) The Court considers Defendant's motions below.

Defendant's most recent motion does not re-raise his access to email. (*See generally* Dkt. No. 996.) Regardless, the denial of TRULINCS privileges is valid. Defendant has identified no legal authority for a right to access the computer system in prison. Other courts have considered this question and routinely rejected any such right, whether based on the First Amendment, *see Biron v. Hurwitz*, 2019 WL 13334558, slip op. at 5–6 (D. Minn. 2019) (collecting cases), or the Sixth Amendment, *see Sebolt v. LaRiva*, 2017 WL 2271441, slip op. at 4 (S.D. Ind. 2017). Constitutional deprivations in prison are judged under a rational basis standard. *Turner v. Safley*, 482 U.S. 78, 89 (1987). So long as there is a legitimate penological interest, and a rational

---

[1] Defendant makes several other requests in the instant motions that he does not maintain in his most recent filing. (*Compare* Dkt. No. 981 *with* 996.) Those are a request for stamps and pens (which the Government represents would be provided him if he were unable to afford them, (Dkt. No. 984 at 2 n.1)), a law book (which the Government says only requires a package authorization form, (*id.* at 2)), and videoconferencing and time extensions for his upcoming restitution hearing (which have already been addressed by this Court, (*see* Dkt. No. 1000)). Based on Defendant's clear request for four specific items in his most recent filing, (Dkt. No. 996 at 1–2), the Court will focus on these four items only. The Court also reminds Defendant that filings in this Court are unlikely to be the most efficient means for him to fulfill every need and resolve every inquiry. His hastily dropped requests are not well taken, and he is admonished to only file here as a last resort, lest the docket he finds so voluminous grow more so.

[2] The Court previously asked for supplemental briefing specifically regarding self-representation on appeal. (Dkt. No. 985.) However, now that Defendant is represented at the Ninth Circuit, he disclaims any relevance of his appeal to the requests in these motions. (Dkt. No. 996 at 2.) Accordingly, the Court will only consider these motions in light of the matter before it.

connection between that interest and the deprivation, then the prison regulation passes muster. *Id.* Bureau of Prisons regulations prohibit an inmate from using TRULINCS based on various considerations, including public safety. (Dkt. No. 983-2 at 10.) Here, Defendant's access was denied by the Warden due to his individual criminal history of cyberstalking and harassment over email. (Dkt. No. 983-1 at 2.) It is rational to deprive an inmate who has abused email of his email privileges. *See Biron*, 2019 WL 13334558 at 7 (prohibiting access for an inmate who had committed crimes using various websites).[3]

Other factors indicating a constitutional violation in prison include whether there are no alternative means of exercising the right at issue. *Turner*, 482 U.S. at 90. The alternatives do not need to be ideal, *Overton v. Bazzetta*, 539 U.S. 126, 135 (2003), or, in the case of communications, the fastest, *see Sebolt*, 2017 WL 2271441 at 4. They need only be available. *Overton*, 539 U.S. at 135. Here, Defendant maintains that his legal communications are impacted without email. But there are alternative means of communication available to him, including visitation, phone, and mail (for which he requested postage at one point, (*see* Dkt. No. 981 at 1)). Another factor is whether an accommodation for the inmate would impact prison resources. *Turner*, 482 U.S. at 90. It would certainly cost some resources to monitor Defendant's TRULINCS usage for abuse, and likely more given Defendant's prodigious communications with this Court. Finally, Defendant does not suggest any ready alternative to the regulation. *See id.* at 90–91. Accordingly, because there is a rational connection between protecting the public and depriving Defendant of email access, and because there are no factors that undermine that conclusion, the denial of Defendant's TRULINCS privileges was therefore legitimate. As such,

---

[3] Defendant alleges, in response to the Government, there are three inmates at FDC SeaTac who were convicted of cyberstalking yet maintain access to TRULINCS. (Dkt. No. 989 at 1–2.) Defendant does not substantiate these allegations. But even accepting them as true, the Court cannot assess the individual determinations with respect to these other alleged inmates, and the allegations about other inmates do not undermine the rational basis upon which *Defendant's* TRULINCS access was revoked.

ORDER
C21-0045-JCC-1
PAGE - 3

Defendant has failed to demonstrate a constitutional violation.

The Government does not oppose providing Defendant with the three forms and docket sheet he requests. (Dkt. No. 984 at 2.) But it is also correct to observe that Defendant can obtain these items by mail from standby counsel.[4] (*Id.*) Defendant does not identify any authority or argue he will suffer any particular prejudice by using this alternative means of communication. And, as established above, he does not have a right to his preferred form of communication. *Overton*, 539 U.S. at 135. Therefore, the Court will not provide Defendant with these materials and leaves him to the available alternatives.

For the foregoing reasons, Defendant's motions are DENIED.

DATED this 8th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[4] While standby counsel does not have access to *ex parte* filings made outside his representation, these filings make up only a small number of the total filings on the "voluminous" docket, as Defendant describes it. (*See* Dkt. No. 996 at 4.) The Court is confident that Defendant can prosecute the suits he references with the docket standby counsel can provide.

ORDER
C21-0045-JCC-1
PAGE - 4