Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

UNITED STATES OF AMERICA

  Plaintiff,

v.

SUMIT GARG,

  Defendant.

NO. CR 21 – 045 JCC

DEFENDANT'S RESPONSE TO UNITED
STATES MEMORANDUM REGARDING
RESTITUTION

(Dkt-997)

I. INTRODUCTION.

Mr. Garg, pro se, hereby authorizes Mr. Vitek to electronically file this response. Mr. Garg requests the Court to make an essential findings of fact as required under FRCP 12(d) to preserve the record for appeal. Mr. Garg further requests the Court to ignore his original motion (Dkt-970) as it was filed prematurely and therefore denied without prejudice at Government's behest. Since then Mr. Garg has had a chance to review the Government's memorandum and supporting exhibits (Dkt-997). Now after a careful review of

DEFENDANT'S RESPONSE TO UNITED
STATES MEMORANDUM REGARDING
RESTITUTION

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER  POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

these exhibits and relevant law, it is clear, the Government is not entitled to any restitution whatsoever. Mr. Garg asks this Court to DENY Government's request for restitution in its entirety. If the Court does set a restitution then Mr. Garg requests the Court to setup a $25 per quarter payment plan as previously proposed by the Government to Judge Coughenour at sentencing.

This Court can and should decide the motion based on the pleadings filed. See 829 Fed.Appx.203 US v. Mehmood (9th Cir. Sep 3,2020), No. 19-10334 ("Moreover, an in-person restitution hearing was not required. When a district court indicates that a restitution hearing will not be held, it must provide notice and a pre-deprivation opportunity for a defendant to raise arguments opposing restitution"). The defendant voluntarily, intelligently, and unequivocally waives his right to a hearing. Moreover, a hearing is legally unnecessary if the pleadings alone can guide the Court. Here, both parties have filed exhaustive briefs, and an oral argument would be a waste of judicial resources, which could be expended on other criminal cases. The government has asked for a 2 week extension of time to reply to this brief, which I do not oppose, and have indicated a willingness to let the Court know that they too do not oppose a decision without a hearing. If the government's reply brief raises NEW issues then I simply request the privilege to address those issues within 2 weeks.

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

II. RELEVANT PROCEDURAL HISTORY.

On July 9, 2024, Judge Coughenour sentenced Mr. Garg to 108 months, but referred the matter of restitution to this Court. On July 19, 2024, Mr. Garg filed a motion to reduce restitution (Dkt-970). On July 25, 2024, the United States' filed a response asking the Court to deny the motion without prejudice calling it "premature" and stating they will "not file a substantive response" unless directed to do so by the Court. On July 31, 2024, Judge Coughenour granted the government's request and denied the motion without prejudice (Dkt-980). On September 20, 2024, after waiting for 2 months, the government suddenly had a change of heart and decided to file a substantive response to Mr. Garg's motion that was already denied. Mr. Garg now files a response to this grossly untimely filing by the United States.

III. DECLARATION OF DEFENDANT UNDER 18 U.S.C 3664(f)(3)(B).

I, Sumit Garg, hereby declares:

1. Ms. Hutchins' claims of travelling to NYC to escape harassment are false. Ms. Hutchins' travelled to NYC to visit her family for holidays in general. She and I exchanged several text messages even around December 2020 when she went to NYC and invited me to visit her. The Government claims Mr. Garg's harassment was from January 25, 2020 to March 8, 2021 (Dkt-997 at 10). Ms. Hutchins' has not claimed she left WA state for safety concerns for any other period except for the holidays (thanksgiving and christmas). Her 2021

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

MR. SUMIT GARG  REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

trip was for the same reason as her 2020 trip and had nothing to do with the crime at issue.

2. I first learnt of this judgement in August 2022 during plea negotiations and through counsel objected to Ms. Hutchins' seeking reimbursement for travel, wiper blade replacement, and other such costs. On July 29, 2022, Mr. Camiel sent AUSA Friedman the following email:

> "Andrew,
> Before I meet with my client, I noticed a few things from the restitution materials that seems inappropriate and not the type of expenses covered by the VRA. I know my client will object to these. While they are included in the KC civil order, they don't necessarily fall under the VRA
> The "unpaid rent" $1800-that was well before any of the harassing emails.
> Travel to New York $1574.40-as I understand it that trip was planned well before and it was to visit family and friends.
> Computer expert: $4885-Goodman was engaged as to Lyndsey Hefton's petition. This is not the type of expense I see covered under the VRA
> I would suggest you remove those items-the victim can seek to collect of the KC court order that already includes those." See EX-1.

3. Upon receipt of Mr. Camiel's email, the government agreed to remove the costs not covered under VRA. See EX-2 at 8,"Defendant agrees to make restitution to Victim-1 in the amount of at least $17.265.00." The plea agreement never materialized and the Government in their memorandum urge the Court to not rely upon it. See Dkt-997 at 15.

4. I also raised the improper costs sought by Ms. Hutchins' through letters to Hon. Judge Tania L. Thorp in King County Superior Court. On January 4, 2024, Ms. Hutchins' counsel Mr. Mark Blair filed a motion with the King County Superior Court acknowleding that the costs sought in the default

MR. SUMIT GARG  REGISTRATION No. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

judgement were erroenous. The Superior Court reduced the judgement to $18,960.24.See EX-3, a motion filed by Hutchins' own lawyer to reduce an egregious judgement and EX-4 for the reduced judgement.

5. I respectfully with deference to Ms. Hutchins' state that her declarations claiming reimbursement lack consistency and the Government has failed to explain a rationale basis for the discrepanices. For e.g. Ms. Hutchins' now quotes a completely different figure for Ms. Goodman's services. In the documents filed previously in King County Superior Court, Ms. Hutchins' provided invoices totalling $4885, which Mr. Camiel indicated to AUSA Friedman were not the type sought in VRA. In her latest declaration, Ms. Hutchins' claims the invoices totalled $6175 and $553. See Dkt-997 EX-A at 2.

6. Contrary to government's claims, I have not received $1,440 in "deposits" into my "trust account." Dkt-997 at 16. An inmate is afforded $90 per week ($360 per month) to spend on hygiene and food. This equals to $2,160 for six months. My deposits are substantially lower than $2,160 for the last 6 months. My family is in India where 1USD roughly equal 80 Rupees. I cannot afford paying more than $25 per quarter as previously proposed by the Government at sentencing.

I declare under the penalty of perjury under the United States Laws that the foregoing is true and correct. See 28 U.S.C 1746.

DATED this 9th day of October 2024.

/s/ Sumit Garg

MR. SUMIT GARG REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

Sumit Garg

Pro Se Defendant

IV. FACTUAL OBJECTIONS TO RESTITUTION.

Ms. Hutchins' restitution request was originally granted by King County Superior Court in the amount of $26,960.24. At the time, Mr. Garg was represented by counsel Leah Altaras, who did not show up at the hearing contesting attorney fees and costs, and therefore, the Superior Court granted a default judgement against Mr. Garg. Mr. Garg raised this issue with this Court. See Dkt-486. This filing was struck and never reviewed. Mr. Garg objects to restitution based on FDC SeaTac's failure to allow him to be present for the hearing and Court's failure to review Dkt-486.

In her declaration, Ms. Hutchins' seeks reimbursement for a variety of costs totalling $28,079.23. Mr. Garg's specific objections to these costs below:

a) Family Trip To NYC: Ms. Hutchins' seeks $1,534.40 for travel to New York during holidays. See Dkt-997 EX-A at 3. Mr. Garg objects to this cost because family trips are not covered under MVRA. TFurthermore, Mr. Garg objects because the actual travel cost is $1184.40 and the exhibit shared by Ms. Hutchins is completely redacted and makes no mention of any change of flights as claimed by the Government. See Dkt-997 Ex-5 completely redacted and has

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

absolutely nothing to suggest it was a changed flight. See SUPRA.III sworn declr of defendant disputing the purpose of this trip.

b) Computer Forensic Work By Ms. Goodman: In the documents filed previously in King County Superior Court, Ms. Hutchins' provided invoices totalling $4885, which Mr. Camiel rightfully indicated were not the type sought in VRA. In her latest declaration, Ms. Hutchins' claims the invoices totalled $6175 and $553. See Dkt-997 EX-A at 2.

Mr. Garg objects to this cost on the following grounds:

(1) The actual exhibits are completely redacted and make it impossible to determine an accurate cost.

(2) Furthermore, Dkt-997 Ex-4-1 shows a invoice #120 totalling $3,735. There is no evidence whether this invoice was paid in full. The only exhibit shared by the government is Ex-4-3 stating, "your payment has been received for invoice #120." There is no credit card/bank statement like for other payments to Ms. Goodman. Ms. Hutchins' could have paid $1 then also the "your payment has been received" message will remain the same because even paying $1 constitutes as paying a "payment."

(3) Ms. Goodman did not perform any forensic work in Hutchins v. Garg matter. Therefore, Mr. Garg objects to all her costs whether $4,885 or $6175 and $553 as he was not a party to the litigation.

(4) None of these costs were incurred during criminal prosecution.

MR. SUMIT GARG REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

c) Legal Fees:

Ms. Hutchins' claims she spent $18,463 in legal fees for civil litigation against Mr. Garg and his wife. See Dkt-997 EX-A at 2. She made similar claims in King County Superior Court presenting the very same exhibits. But Mr. Garg did not receive these exhibits nor was allowed to attend the hearing. In fact, Mr. Garg's original motion (Dkt-970) was filed assuming Ms. Hutchins' was truthful in civil court, which it appears she was not. Now after a careful review of these exhibits, it is clear, the legal fees actually incurred by Ms. Hutchins' is only $9,800.See Dkt-997 Ex-3-1 On 10/10/2020 Ms. Hutchins' attorney Mr. Blair setup a trust account for $7,000. On 10/30/2020 Ms. Hutchins' paid $3,420 leaving $3,580 in the trust account. See Dkt-997 Ex-3-3. On January 4, 2021, Ms. Hutchins' paid the $3,500. See Dkt-997 Ex-3-4. It appears the trust account was cleared on 02/01/2021. See Dkt-997 Ex-3-6. Mr. Blair billed another $2,800. See Dkt-997 Ex-3-8. This was paid by Ms. Hutchins on April 23, 2021. See Dkt-997 Ex-3-9. Therefore, Ms. Hutchins paid $9,800 (7,000+2,800) in legal fees.Mr. Blair made no attempts to properly segregate the legal fees incurred for Hutchins v. Hefton and Hutchins v. Garg matter. Based on the dates/timeline of litigation, it appears Mr. Blair started spending some time on Hutchins v. Garg from 10/24/2020. See Dkt-997 Ex-3-2 entry for 10/24/2020. However, there were no hearing and/or pleadings filed in that case because Mr. Garg was never served until around 11/05/2020. Mr. Blair's final bill of $2,800  minus the $800 for his entry on 02/01/2021 for preparation time for Hefton v. Garg hearing is all he spent on the Garg matter as reflected by Dkt-997 Ex-3-7 and Ex-3-8.

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

Mr. Blair's legal fees for the Garg matter is only $2,000. Mr. Garg objects to any cost beyond this figure as he was not a party to the litigation.

Out of this $2,000, Mr. Garg further objects to:

(1) $136 for "legal services: phone conversation"(entry 2/25/2021). See Dkt-997 Ex-3-7. Mr. Blair does not even mention phone conversation with whom, let alone, the purpose of it. This cost is too vague, conclusory.

(2) $212 for "read US attorney complaint" (entry 03/09/2021) and $400 for "attended US attorney interview" (entry 03/03/2021) as needless. See Dkt-997 Ex-3-7. Blair performed these acts to testify as a witness at the trial, which he ended up doing as a victim. It had nothing to do with representing Ms. Hutchins.

(3) $52, $168 for "phone conversation with client" (entries 02/22/2021 and 02/26/2021). See Dkt-997 Ex-3-7. Mr. Blair does mention whether the phone conversation was for Hutchins v. Garg or Hutchins v. Hefton. This cost is too vague, conclusory.

(4) Mr. Garg further objects to Mr. Blair's $400 per hour billing rate as unreasonable. It appears he originally was hired at $300 per hour, which is about the average rate for civil DVPO litigation in WA state for the year 2020, in which he was hired. See Dkt-997 Ex-3-2 and Ex-3-3 entries from 10/26/2020 were billed at $300 per hour.

(5) Mr. Garg further objects to Mr. Blair's billed countless hours for just attending civil hearings where sometimes the waiting line was

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

3 hours just to get the case heard as unduly excessive and not Mr. Garg's fault. For e.g. "participated in full order hearing" is listed countless times and numerous hours are billed. See Dkt-997 Ex-3-5 entries 12/03/2020 biling 6 hours for $2,400, 12/16/2020 billing 3.13 hours for $1,252, 12/17/2020 for 1.59 hours for $636. Even for clerical tasks likely performed by staff Mr. Blair has billed at $400 per hour. See for e.g. Dkt-997 Ex-3-5 entry 01/26/2021 "downloading efilings from opposing counsel" for $84. These costs are excessive and should be excluded. See INFRA.V.B and C.

Excluding these objectionable costs and calculating Mr. Blair's fees at $300 per hour, Ms. Hutchins' claim boils down to $774. Mr. Garg objects to this $774 as well because none of these costs were incurred during criminal prosecution.

d) Other Investigatory Costs: Ms. Hutchins' also claims a total of $826.46 for "computer security software" and a total of $527.37 for "security system cost"  See Dkt-997 Ex-A at 1-2.

Mr. Garg objects to this cost on the following grounds:

(1) The actual exhibits are completely redacted and make it impossible to determine an accurate cost. For e.g. Dkt-997 EX-1 shows an entry of $275.61 for "NORTON." Norton can be anything. It could be a bug spray or a wholly unrelated product.

(2) Ms. Hutchins' states, "I have not been able to locate the statement for the first payment" yet the Government includes the cost. I object to $275.24 (first payment) for lack of corroboration (proof of payment).

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

(3) None of these costs were incurred during criminal prosecution. For e.g. See Dkt-997 EX-2 Google nest alarm purchased well before the initiation of criminal investigation, let alone prosecution.

V) LEGAL OBJECTIONS TO RESTITUTION.

The Government is claiming restitution "is legally authorized" under 18 U.S.C 3663. See Dkt-997 at 10. The Government's filing is frivolous. The cases cited by the Government are wholly inapplicable as they all pre-date Supreme Court ruling in Lagos, which discussed in detail below:

A) Supreme Court Ruling In Lagos Changes The Legal Landscape For Restitution And Renders The Government's Filing Frivolous.

(1) Attorney fees and investigation fees should be denied.

Before 2018, circuit courts were split on whether private investigation costs, including attorneys' fees, were recoverable under Section 3661(b)(4). See Lagos v. United States, 138 S.Ct. 1684, 1687, 201 L.Ed.2d 1 (2018)(collecting and comparing cases). Lagos sharpens focus on the MVRA as a criminal statue whose provisions are closely tethered to a defendant's criminal case. The MVRA is housed in Title 18. 18 U.S.C 3663A. It applies during criminal sentencing. Id. 3663A(a)(1). After Lagos, a victim can no longer recover expenses arising from private investigations and civil proceedings.

MR. SUMIT GARG  REGISTRATION No. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

The Ninth Circuit had adopted, "a broad view of the restitution authorization [for investigation costs], and allowed recovery of "investigative costs-including attorneys' fees-incurred by private parties as a 'direct and foreseeable result' of the defendant's wrongful conduct." US v. Gordon, 393 F.3d 1044, 1056-57 (9th Cir. 2004). In Lagos, however, the Supreme Court narrowed subsection (b)(4)'s application to government investigations and criminal proceedings alone, excluding a victim's private investigations and civil proceedings. Lagos, 138 S.Ct. at 1690. To reach its conclusion, the Court parsed the MVRA's "wording, both its individual words and the text taken as a whole." Id. at 1688. Because the statue pairs investigation with prosecution, the two things must be "of the same general type." Id. And because the word prosecution means "a government's criminal prosecution," this "suggests that the word 'investigation' may refer to a government's criminal investigation." Id. A "similar line of reasoning" suggested to the Court that the word "proceedings" refer to "criminal proceedings in particular, rather than to 'proceedings' of any sort."Id. Therefore, Ms. Hutchins' private costs for investigation and attorney fees incurred during civil litigation must be excluded. At best, these costs were Ms. Hutchins' efforts at self-preservation. Numerous Courts across districts have denied government's endevour to seek restitution for attorney fees and investigation costs by victims for civil proceedings. See for e.g. US v. Margiotta, 475 F.supp.3d 1152 (9th Cir. July 30, 2020)("Court does not order restitution for the attorneys' fees and costs Garrison and Osborne [victims] incurred in a related civil lawsuit"); US v. Napout, 2018 U.S. Dist. Lexis 198206, 2018 WL 6106702,

MR. SUMIT GARG  REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

at *4 (E.D.N.Y. Nov. 20, 2018)(denying restitution for fees incurred by victim in connection with, inter alia, an internal investigation, because the Government had not invited this investigation and victim was motivated by "self-preservation"); US v. Mobley, 971 F.3d 1187 (10th Cir. August 21, 2020), No. 19-3122 (international kidnapping case, denying restitution for fees incurred in connection with rescue of children, where such action); US v. Razzouk, 2021 U.S. Dist. Lexis 73071, 2021 WL 1422693, at *4 (2nd Cir. April 15, 2021)(holding that "the [legal] costs covered" by the MVRA are "only those incurred 'at the government's request.'"); US v. Avenatti, 2022 US Dist. Lexis 27392 (2nd Cir. Feb 14, 2022)(Court denied victim Nike millions of dollars sought in attorney fees); US v. Koutsostamatis, 956 F.3d 301 (5th Cir. 2020)(the Court concluded that BP could not recover its expenses because not a government investigation).

(2) Family trips are not covered under MVRA both pre and post Lagos.

This only leaves her cost of family trip to NYC, which is not only excludable under Lagos, but for which there is no causal connection between the cyberstalking activity and Ms. Hutchins' travel to New York. Indeed, Mr. Camiel, a licensed lawyer disputed this cost, and the Government agreed to exclude it. Yet, the Government now seeks the same improper costs. Critically, even Ms. Hutchins' own attorney recognized that the original reimbursement sought by Ms. Hutchins' included costs such as replacement of wiper blades, legal fees sought for an unrelated matter, improper travel costs and filed a motion to reduce the cost to reflect the accurate expenses incurred. No Court

in any district has ever GRANTED such a reimbursement. Certainly, the government has not cited any authority whatsoever nor can they. Moreover, it is improper to grant this cost when the sole evidence is government's assertions.

See US v. Jones, 475 F.3d 701, 705-07 (5th Cir. 2007)(vacating order when court imposed restitution based solely on government's assertions).

B) Only $774 is attributable to Mr. Garg.

The Ninth Circuit Court Of Appeals in United States v. Heslop, 694 Fed.Appx.485 (9th Feb 10, 2017), No. 14-50321 delineated the legal standard for restitution. The Court stated:

"A restitution order is reviewed for an abuse of discretion, provided it is within the bounds of the statutory framework." United States v. Waknine, 543 F.3d 546, 555 (9th Cir. 2008)(quoting Gordon, 393 F.3d at 1051); see US v. Philips, 367 F.3d 846, 854 (9th Cir. 2004). The government or victim is required to prove the amount of the losses that were "directly related to [the offense] convictions" by a preponderence of the evidence. Waknine, 543 F.3d at 556. Indeed, we require that attorneys' fees be "directly, not tangentially, related to" the offense conduct. US v. DeGeorge, 380 F.3d 1203, 1221 (9th Cir. 2004)." "The government must provide the court with enough evidence to allow the court to estimate the 'full amount of the victim's losses' with 'some reasonable certainty.'" US v. Kennedy, 643 F.3d 1251, 1261 (9th Cir. 2011)(quoting US v. Doe, 488 F.3d 1154, 1159-60 (9th Cir. 2007)).

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER  POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

If the Court rejects Mr. Garg's factual and legal objection (SUPRA.IV and SUPRA.V.A) then also the Court should only impose $774 in restitution, rather than "engage in..arbitary calculations' to determine the amount of the "victim's losses, an award os restitution would be improper.Id. (quoting US v. Laney, 189 F.3d 954, 967 n.14 (8th Cir. 1999)). Numerous other courts across districts have denied claims for restitution where the Government, as here, has failed to carry its burden of proof. See for e.g. US v. Villalobos, 879 F.3d 169, 172 (5th Cir. 2018)(vacating order when court imposed restitution after finding no loss [same case here, there is no loss incurred except for civil proceedins, which is excludable under Lagos];

C) Attorney fees($18,463) sought is excessive, unreasonable, and the government has failed to carry it's burden of proof regarding prevailing market rate for 2020. If legal fees is imposed, it should be reduced to $774.

The government has the burden of production, under which it must "produce satisfactory evidence" establishing the reasonableness of the requested fee. See Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S.Ct.1541, 79 L.Ed.2d 891 (1984); Camacho v. Bridgeport Fin.,Inc.,523 F.3d 973, 980 (9th Cir. 2008). This evidence MUST include proof of market rates in the relevant community, see Camacho, 523 F.3d at 980, Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). If the government discharges its legal obligation as to the burden of production, the court then should proceed to a factual determination as to whether the requested fee is reasonable. See Grove v. Wells Fargo Fin. Cal.,Inc.,606 F.3d 577, 582-83(9th Cir. 2010). In the usual case, that factual

MR. SUMIT GARG  REGISTRATION No. 33491-509 FEDERAL DETENTION CENTER POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

determination consists of considering both the proponent's evidence and evidence submitted by the opponent "challenging the accuracy and reasonableness of the facts asserted by [proponent]." Camacho, 523 F.3d at 980. The Ninth Circuit Court Of Appeals has repeatedly held that the district court must base its determination on the current market rate. See Camacho, 523 F.3d at 981 ("[A] district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services"). This Court should apply the $300 hourly rate for the year 2020 to calculate the legal fees using the Lodestar method, which is the standard procedure for calculating reasonable award for attorney fees. The legal principles cited above although were applied for civil proceedings, they are applicable with equal force in criminal proceedings as well. See for e.g. US v. Eyraud, 809 F.3d 462 (9th Cir. Sep 3, 2015), No. 14-50261 (Lodestar method applied to reduce the attorney fees sought).

Moreover, "[N]ot every category of attorney work product meets the essential burden..that the government show all charges were 'required to incur to advance the investigation or prosecution of the offense.'" US v. Cuti, 708 F.App'x 21, 24 (2d Cir. 2017)(summary order)(quoting US v. Maynard, 743 F.3d at 381 and citing US v. Hatfield, No. 06-CR-0550 (JS) (AKT), 2015 U.S. LEXIS 190029, 2015 WL 13385926, at *13 (E.D.N.Y. Mar. 27, 2015)(denying restitution for legal fees for "attendance at proceedings, reviewing trial transcripts, generating memoranda..")). Here, Mr. Blair's hourly rate of $400 exceeds the average rate ($300 at max in 2020) by $100, and makes no distinction between

MR. SUMIT GARG  REGISTRATION
NO. 33491-509  FEDERAL
DETENTION CENTER  POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S  RESPONSE  TO  UNITED  STATES  MEMORANDUM  REGARDING  RESTITUTION

the Hutchins v. Garg or Hutchins v. Hefton litigation. As discussed in SUPRA.IV.c Blair has billed countless hours for just attending civil hearings where sometimes the waiting line was 3 hours just to get the case heard and has billed at $400 for even clerical work such as downloading files. Numerous other courts across districts have denied exorbitant claims for attorney fees in similar circumstances. See for e.g. US v. Avenatti, 2022 US Dist. Lexis 27392 (2nd Cir. Feb 14, 2022)(Court denied victim Nike millions of dollars sought in attorney fees); US v. Chan, No. 16-cr-10268-IT, 2019 U.S. Dist. Lexis 142555, 2019 WL 3975579, at *8 (D.Mass. Aug. 22, 2019)(finding that certain attorneys' fees incurred while seekig restitution were excessive); US v. Napout, 2018 U.S. Dist. Lexis 198206, 2018 WL 6106702, at *9 (E.D.N.Y. Nov. 20, 2018)(same).

If the Court rejects Mr. Garg's factual and other legal objections then also the Court should only impose $774 in restitution.

D) Ms. Hutchins' inconsistent affidavits are unreliable and should be rejected.

As discussed in SUPRA.III.5, Ms. Hutchins' affidavits are self-contradicting, too conclusory, and the figures quoted do not match the invoices. See US v. Waknine, 545 F.3d 546, 557-58 (9th Cir. 2008)(vacating order when supporting affidavits were "too summary and too conclusory to be sufficiently relaible.") If the Court rejects Mr. Garg's factual and other legal objections then also the Court should only impose $774 in restitution.

MR. SUMIT GARG  REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

E) Accepting the Government's conclusory, unsubstantiated, unreliable, and vague costs saddles this Court with significant administrative burdens the Supreme Court sought to avoid in Lagos.

If the Court rejects Mr. Garg's factual and other legal objections then also the Court should only impose $774 in restitution because accepting the government's argument would saddle this Court with the "significant administrative burdens" the Supreme Court sought to avoid in Lagos when it limited the definition of "investigation." 138 S.Ct. at 1689. The government wants this Court to spend countless hours and review voluminous exhibits purporting to be attorney fees and investigation costs without distilling this material into documents necessary just for restitution proceedings. It is doubtful that "Congress intended, in making this restitution mandatory, to require courts to resolve these potentially time-consuming controversies as part of criminal sentencing.." US v. Razzouk, 2021 U.S. Dist. Lexis 73071 (2nd Cir. April 15, 2021).

VI) CONCLUSION.

Based on the points and authorities set forth in this response, Mr. Garg respectfully requests Government's motion be DENIED in its entirety.The defendant is appearing pro se and has never attended law school. The defendant's filings,however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

MR. SUMIT GARG  REGISTRATION NO. 33491-509 FEDERAL DETENTION CENTER  POST OFFICE BOX 13900 SEATTLE, WA 98198-1090

DEFENDANT'S RESPONSE TO UNITED STATES MEMORANDUM REGARDING RESTITUTION

DATED this 9th day of October 2024.


/s/ Sumit Garg

Sumit Garg

Pro Se Defendant

MR. SUMIT GARG  REGISTRATION
NO. 33491-509 FEDERAL
DETENTION CENTER  POST OFFICE
BOX 13900
SEATTLE, WA 98198-1090

DEFENDANT'S   RESPONSE    TO   UNITED
STATES    MEMORANDUM    REGARDING
RESTITUTION