THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>SUMIT GARG,<br><br>              Defendant. | CASE NO. CR21-0045-JCC<br><br>ORDER |

This matter comes before the Court on the Government's memorandum regarding restitution (Dkt. No. 997). Having thoroughly considered the parties' briefing and reviewed the relevant record, the Court hereby ORDERS restitution in the amount of $28,079.23 for the reasons explained herein.

I.   BACKGROUND

Defendant Sumit Garg was convicted on one count of conspiracy and six counts of cyberstalking. (Dkt. No. 973 at 1.) Garg stalked multiple victims, but relevant here to restitution is his primary victim, Melissa Hutchins. The following background facts are relevant to the Court's restitution determination, and are drawn from the Complaint, evidence presented at trial, the presentence investigation report, and a victim declaration. (*See* Dkt. Nos. 1, 890–930, 948, 997-1.) In 2019, Hutchins lived with Garg and his then-wife, Lindsay Hefton, although the couple misled Hutchins to believe they were merely dating. (Dkt. No. 1 at 6.) Garg became

verbally abusive and threatening toward Hutchins. (Dkt. No. 948 at 5.) She moved out in June 2019 and then sought a protective order. (*Id.*) Garg agreed to have no contact with Hutchins. (*Id.*) But he was undeterred and continued a gruesome campaign of harassment against Hutchins with Hefton's assistance. (*Id.* at 5–7.)

Hefton filed for a protective order against Hutchins in July 2020 based on false claims that Hutchins was harassing them. (Dkt. No. 1 at 13–15) (*see Christina Lindsay Hefton v. Melissa Hutchins*, No. 20-5-01205 SEA (Wash. Sup. Ct. 2020)). Hutchins contested the suit. (Dkt. No. 997-1 at 3.) Beginning in January 2020, Garg created fake social media accounts and sent threatening messages to Hutchins. (Dkt. No. 948 at 5–6.) Hutchins represents that she purchased computer security software that summer. (Dkt. No. 997-1 at 2.) In October 2020, Garg went to Hutchins's residence, took pictures in her lobby, and sent emails threatening to rape and kill Hutchins with the pictures included. (Dkt. No. 948 at 6.) Hutchins says she then purchased a home security system. (Dkt. No. 997-1 at 3.) Garg was arrested on November 1, 2020, for cyberstalking and was ordered not to contact Hutchins. (Dkt. No. 948 at 7.) But immediately after he was released from custody, Garg sent her another threatening email. (*Id.* at 7.) Hutchins says she then bought a security camera. (Dkt. No. 997-1 at 3.) She began to receive anonymous and sexually threatening text messages. (*See, e.g.,* Dkt. No. 903-2 at 90.) Hutchins testified that she was afraid to leave her home and, as a result, she and her partner changed their holiday travel plans to an earlier departure date in November 2020. (Dkt. No. 997-1 at 4.) The threats only stopped once Garg was arrested for violating the no-contact order in February 2021. (Dkt. No. 948 at 8.)

After a jury found him guilty of cyberstalking and conspiracy, (Dkt. No. 889), the Court sentenced Garg to 108 months' confinement. (Dkt. No. 973 at 3) (for seven counts under Title 18 U.S.C.). The Court deferred imposing restitution and ordered the parties to schedule a hearing. (*See* Dkt. No. 964.) That hearing was rescheduled several times, (*see* Dkt. Nos. 993, 1000), until Garg waived his right to a hearing, (Dkt. No. 1028 at 2), and the Court agreed to decide

restitution on the briefing. (Dkt. No. 1029 at 1.)[1] The parties have now thoroughly briefed the issues and the Court considers their submissions below.

## II. DISCUSSION

### A. Legal Standard for Restitution

The Government seeks restitution under 18 U.S.C. §§ 3663–64, the Victim and Witness Protection Act ("VWPA"). (*See* Dkt. No. 997 at 9.) A victim in this context is any person directly harmed as the result of an offense under Title 18, including criminal conduct in the course of a conspiracy. 18 U.S.C. § 3663(a)(1)–(2). A Court may order restitution under the VWPA based on a victim's total losses and the defendant's financial resources. *Id.* § 3663(a)(1)(B)(i). If the Court so orders, it must award restitution for the full amount of losses directly related to the defendant's conduct. *Id.* § 3664(f)(1)(A). Losses include costs that are a "direct and foreseeable result" of the defendant's misconduct. *United States v. Waknine*, 543 F.3d 546, 558 (9th Cir. 2008). It is the Government's burden to prove a victim's losses by a preponderance of the evidence. 18 U.S.C. § 3664(e). The Government's submissions may include affidavits, itemized lists, or other financial documentation. *See Waknine*, 543 F.3d at 557. A court that orders restitution must explain its reasoning as supported by the record before it. *United States v. Mehmood*, 829 F. App'x 203, 205 (9th Cir. 2020) (citing *Waknine*, F.3d at 556–57).

### B. Victim's Losses

The Government submits that Hutchins is due restitution for (1) security software and

---

[1] Garg has moved to withdraw his waiver of hearing on the ground that the Government has been unresponsive to his briefing. (Dkt. No. 1037 at 1.) But, as he submitted, (Dkt. No. 1028 at 2), a hearing is not required so long as the defendant has notice of restitution and an opportunity to oppose. *United States v. Mehmood*, 829 F. App'x 203, 205 (9th Cir. 2020). Garg himself requested that restitution be decided on the briefing, the Court granted this request, and both parties have submitted their arguments. Garg has had plenty of opportunity, in numerous submissions and ample time, to lodge his opposition to restitution. Therefore, the Court DENIES his motion to withdraw his waiver (Dkt. No. 1037) and also DENIES his second motion for additional time to file a sur-reply (Dkt. No. 1038) for the same reasons.

hardware, (2) travel changes, and (3) legal fees. (Dkt. No. 997 at 11–14.) In support, it provides a declaration from Hutchins as well as invoices and receipts. (*See* Dkt. No. 997-1.) It argues that all of these costs to Hutchins resulted from Garg's conspiracy and cyberstalking. (Dkt. No. 997 at 11–14.) He contests each of these losses. (*See generally* Dkt. No. 1028.)

### 1. Security Software and Hardware

First, the Government argues that Garg should pay restitution for computer security software that Hutchins purchased. (Dkt. No. 997 at 11–12.) Hutchins avers that she purchased this software for protection against Garg in 2020, and it cost her $826.46 over three years. (Dkt. No. 997-1 at 2.) The Government has provided redacted credit card statements in support. (*See id.* at 6–7.) Garg takes issue with the redaction and a missing statement, (Dkt. No. 1028 at 10), but the redaction is only meant to ensure confidentiality and the Court is satisfied that the declaration is supported by the records submitted.

Second, the Government argues that Garg should pay restitution for a home security system and Google Nest camera that cost a total of $527.37. (Dkt. No. 997 at 11–12.) Hutchins explains that she purchased the security system after Garg sent her threatening pictures taken at her home. (Dkt. No. 997-1 at 3.) And she purchased the camera after Garg was released from custody and resumed his threats. (*Id.*) The Government supports these costs with receipts, too. (*See id.* at 9–11.) These security costs are losses to Hutchins that are directly related to Garg's cyberstalking and supported by the record. Therefore, the Government has shown by a preponderance of the evidence that Hutchins is due restitution for security software and hardware in the total amount of $1,353.83.

### 2. Travel Change Fees

The Government submits that restitution should be awarded for fees that Hutchins paid to change her flight plans in late 2020. (Dkt. No. 997 at 12.) She represents that, although she already planned to travel to New York during the holidays, she and her partner felt they had to leave Seattle sooner due to Garg's threats. (Dkt. No. 997-1 at 4.) Hutchins says that they incurred

$1,534.40 in change fees and the Government submits statements and receipts in support. (*See id.* at 4, 37–38.) Garg again disputes the reliability of the redacted financial information. (Dkt. No. 1028 at 6–7.) Even if the Court were to discount these records, "victim affidavits will generally provide sufficient, reliable evidence to support a restitution order." *Waknine*, 543 F.3d at 557. The Court is satisfied that Hutchins incurred these costs based on her affidavit and receipts. These costs were a direct result of and temporally related to Garg's cyberstalking. Therefore, the Government has shown by a preponderance of the evidence that Hutchins is due restitution for travel change fees in the amount of $1,534.40.

### 3. Legal Fees

The primary dispute is over the bulk of the restitution sought—legal fees. The Government seeks an award in the amount of $18,463, including the cost of counsel in Hefton's retaliatory suit against Hutchins.[2] (Dkt. No. 997 at 11.) It also seeks restitution for related investigations in the amount of $6,728. (*Id.*) Garg disputes the amount of attorney fees and argues they are "unreasonable." (Dkt. No. 1028 at 15–17.) But the standard for restoring a criminal victim is not the standard for recovering civil attorney fees, as Garg suggests with the cases he cites. (*See* Dkt. No. 1028 at 15–16) (arguing the Court should apply the lodestar method). The reasonable market rate is not particularly relevant here. Instead, if the Court orders restitution, it must order the whole of what the victim *actually* lost. *See* 18 U.S.C. § 3664(f)(1)(A). Here, the Government has supplemented Hutchins's affidavit with invoices and payment records for legal and investigative services (at reasonable prices, in the Court's experience). (*See* Dkt. No. 997-1 at 13–35.) Therefore, the Government has shown, by a preponderance of the evidence, these costs totaling $25,191.

Garg also argues that attorney fees are not recoverable in light of *Lagos v. United States*,

---

[2] The Government represents these attorney fees cover litigation in both Hutchins's suit against Garg and Hefton's against Hutchins. (Dkt. No. 997 at 11). Garg primarily objects to any fees paid in the latter suit, (*see* Dkt. No. 1028 at 8–9), thus the Court focuses there.

584 U.S. 577 (2018). (Dkt. No. 1028 at 11–13.) But his reliance on *Lagos* is misplaced for two reasons. For one, the Court in *Lagos* interpreted the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, not the VWPA, 18 U.S.C. §§ 3663–64. The holding in *Lagos* was limited to whether the MVRA *requires* restitution of certain legal fees, not whether it is permitted under the VWPA. 584 U.S. at 585. For another, the Court was considering whether separate civil proceedings are covered by a loss provision related to "prosecution." *Id.* at 580–81. The Government does not seek restitution for attorney and investigation fees in Garg's criminal prosecution; they seek restitution for fees in a civil lawsuit directly resulting from Garg's criminal conspiracy. (Dkt. No. 1030 at 5–6.) While *Lagos* may limit mandatory recovery under the MVRA, such fees may be recoverable under the VWPA. *See Waknine*, 543 F.3d. at 558.

Finally, Garg disputes whether at least some of the legal fees were, in fact, related to his misconduct. (Dkt. No. 1028 at 8–9.) He points out that he did not bring the civil suit. (*Id.* at 9.) It was brought by his then-wife and Garg was not a party to that proceeding. (*See id.*) But Garg overlooks his conviction for conspiracy to harass Hutchins. A conspiracy conviction widens the scope of related conduct, and defendants may be ordered to pay restitution for misconduct related to the conspiracy, including legal fees for suits brought by other parties. *See United States v. DeGeorge*, 380 F.3d 1203, 1221–22 (9th Cir. 2004) (citing 18 U.S.C. §§ 3663–64). In *DeGeorge*, the Ninth Circuit affirmed restitution for legal fees in an insurance fraud conspiracy. *Id.* at 1222. After the insurer victim denied a fraudulent claim, defendant's co-conspirator brought a civil claim against the insurer. *Id.* at 1210; *see also United States v. Margiotta*, 475 F. Supp. 3d 1152, 1159 (D. Mont. 2020) (distinguishing *DeGeorge* from a lawsuit brought by, rather than against, a victim). The Ninth Circuit found that "the attorney's fees incurred in the civil case were a direct result of DeGeorge's criminal conduct" (there, perjury) and upheld the award under the VWPA. *DeGeorge*, 380 F.3d at 1122. Similarly here, the conspiracy to harass Hutchins included Hefton's fraudulent suit. Garg made false claims in the civil proceedings, (*see* Dkt. No. 1 at 14), much like DeGeorge committed perjury. Hutchins had "no need to engage in

civil proceedings" if Garg had not conspired with Hefton against her. *United States v. Cummings*, 281 F.3d 1046, 1052 (9th Cir. 2002) (affirming restitution award for civil legal fees). The legal and investigation fees incurred in the suit against Hutchins directly resulted from Garg's misconduct. Therefore, the Government has shown by a preponderance of the evidence that Hutchins is due restitution for legal and investigation fees in the amount of $25,191.

**C. Garg's Financial Resources**

Finally, the Court addresses Garg's contentions about his own financial resources. Based on Bureau of Prisons regulations, both institutional and non-institutional sources contribute to an inmate's financial resources. *See Mujahid v. Crabtree*, 999 F. Supp. 1398, 1400 (D. Ore. 1998). While Garg disputes how much money has been deposited into his prison account, (Dkt. No. 1028 at 5), the Government has submitted records that show he did, in fact, receive $1,440 in deposits to his account between March and September 2024. (Dkt. No. 1030-1 at 2.) This is sufficient evidence of Garg's financial resources. Considering his resources and Hutchins's significant losses, the Court finds that restitution is proper.

**III.   CONCLUSION**

For the foregoing reasons, the Court ORDERS restitution in the amount of $28,079.23. Within five (5) days of the issuance of this order, the Government is ORDERED to submit an amended judgment and sentence that reflects the restitution award.

DATED this 27th day of February 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE